FILED
2020 Feb-14 PM 03:48
U.S. DISTRICT COURT
N.D. OF ALABAMA

# EXHIBIT 1




AlaFile E-Notice

47-CV-2020-900245.00

To: BENJAMIN LEE MCARTHUR
bmcarthur@maynardcooper.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MADISON COUNTY, ALABAMA

JOHN PRINCE V. HUI HULIAU ET AL
47-CV-2020-900245.00

The following complaint was FILED on 2/14/2020 8:57:06 AM

Notice Date: 2/14/2020 8:57:06 AM

DEBRA KIZER
CIRCUIT COURT CLERK
MADISON COUNTY, ALABAMA
MADISON COUNTY, ALABAMA
100 NORTHSIDE SQUARE
HUNTSVILLE, AL, 35801

256-532-3390

ELECTRONICALLY FILED
2/14/2020 8:56 AM
47-CV-2020-900245.00
CIRCUIT COURT OF
MADISON COUNTY, ALABAMA
DEBRA KIZER, CLERK

State of Alabama
Unified Judicial System
Form ARCiv-93 Rev. 9/18

# COVER SHEET
# CIRCUIT COURT - CIVIL CASE
(Not For Domestic Relations Cases)

Cas[e Number:]
47[-CV-2020-900245.00]
Date of Filing: 02/14/2020
Judge Code:

## GENERAL INFORMATION

**IN THE CIRCUIT COURT OF MADISON COUNTY, ALABAMA**
**JOHN PRINCE v. HUI HULIAU ET AL**

**First Plaintiff:** ☐ Business ☑ Individual ☐ Government ☐ Other

**First Defendant:** ☑ Business ☐ Individual ☐ Government ☐ Other

**NATURE OF SUIT:** Select primary cause of action, by checking box (check only one) that best characterizes your action:

**TORTS: PERSONAL INJURY**
- ☐ WDEA - Wrongful Death
- ☐ TONG - Negligence: General
- ☐ TOMV - Negligence: Motor Vehicle
- ☐ TOWA - Wantonness
- ☐ TOPL - Product Liability/AEMLD
- ☐ TOMM - Malpractice-Medical
- ☐ TOLM - Malpractice-Legal
- ☐ TOOM - Malpractice-Other
- ☐ TBFM - Fraud/Bad Faith/Misrepresentation
- ☐ TOXX - Other: ______

**TORTS: PERSONAL INJURY**
- ☐ TOPE - Personal Property
- ☐ TORE - Real Properly

**OTHER CIVIL FILINGS**
- ☐ ABAN - Abandoned Automobile
- ☐ ACCT - Account & Nonmortgage
- ☐ APAA - Administrative Agency Appeal
- ☐ ADPA - Administrative Procedure Act
- ☐ ANPS - Adults in Need of Protective Services

**OTHER CIVIL FILINGS (cont'd)**
- ☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/ Enforcement of Agency Subpoena/Petition to Preserve
- ☐ CVRT - Civil Rights
- ☐ COND - Condemnation/Eminent Domain/Right-of-Way
- ☐ CTMP - Contempt of Court
- ☑ CONT - Contract/Ejectment/Writ of Seizure
- ☐ TOCN - Conversion
- ☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/ Injunction Election Contest/Quiet Title/Sale For Division
- ☐ CVUD - Eviction Appeal/Unlawful Detainer
- ☐ FORJ - Foreign Judgment
- ☐ FORF - Fruits of Crime Forfeiture
- ☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
- ☐ PFAB - Protection From Abuse
- ☐ EPFA - Elder Protection From Abuse
- ☐ FELA - Railroad/Seaman (FELA)
- ☐ RPRO - Real Property
- ☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
- ☐ COMP - Workers' Compensation
- ☐ CVXX - Miscellaneous Circuit Civil Case

**ORIGIN:** F ☑ **INITIAL FILING** A ☐ **APPEAL FROM DISTRICT COURT** O ☐ **OTHER**

R ☐ **REMANDED** T ☐ **TRANSFERRED FROM OTHER CIRCUIT COURT**

**HAS JURY TRIAL BEEN DEMANDED?** ☐ **YES** ☑ **NO**

**Note:** Checking "Yes" does not constitute a demand for a jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

**RELIEF REQUESTED:** ☑ **MONETARY AWARD REQUESTED** ☐ **NO MONETARY AWARD REQUESTED**

**ATTORNEY CODE:**

MCA032

2/14/2020 8:56:29 AM
Date

/s/ BENJAMIN LEE MCARTHUR
Signature of Attorney/Party filing this form

**MEDIATION REQUESTED:** ☐ **YES** ☑ **NO** ☐ **UNDECIDED**

**Election to Proceed under the Alabama Rules for Expedited Civil Actions:** ☐ **YES** ☐ **NO**

ELECTRONICALLY FILED
2/14/2020 8:56 AM
47-CV-2020-900245.00
CIRCUIT COURT OF
MADISON COUNTY, ALABAMA
DEBRA KIZER, CLERK

**IN THE CIRCUIT COURT OF MADISON COUNTY, ALABAMA**

| | | |
|---|---|---|
| **JOHN PRINCE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. _______________** |
| | ) | |
| **HUI HULIAU; DERYL WRIGHT; and HOWARD RUSSELL;** | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |

**VERIFIED COMPLAINT AND REQUEST FOR INJUNCTIVE RELIEF**

COMES NOW Plaintiff JOHN PRINCE and for his Complaint against Defendants HUI HULIAU, DERYL WRIGHT, and HOWARD RUSSELL states the following:

**PARTIES**

1. Plaintiff John Prince ("Prince") is an individual over the age of nineteen (19) years who resides in Guntersville (Marshall County), Alabama.

2. Defendant Hui Huliau ("Hui") is a Hawaii Nonprofit Corporation headquartered in Waianae, Hawaii.

3. Defendant Deryl Wright ("Wright") is an individual over the age of nineteen (19) years who, upon information and belief, resides in Norman, Oklahoma. Wright is Hui's Chief Executive Officer (CEO).

4. Defendant Howard Russell ("Russell") is an individual over the age of nineteen (19) years who, upon information and belief, resides in Monroeville, Pennsylvania. Russell is Hui's Chief Financial Officer (CFO).

5. Hui, Wright, and Russell are collectively referred to herein as "Defendants."

6. Each of the Defendants acted individually and/or as the agent, servant, employee, partner and/or co-venturer of one another, or were otherwise engaged in a joint enterprise. Alternatively, each of the Defendants acted through their agents, servants, employees, partners and/or co-venturers and are liable to Prince under *respondeat superior* and/or agency theories, or are otherwise vicariously liable.

**JURISDICTION AND VENUE**

7. Prince seeks, among other things, compensatory and punitive damages in excess of $10,000.00, together with injunctive and other equitable relief. This Court has jurisdiction over the subject matter of this action pursuant to Ala. Code §§ 12-11-30, -31 and -33.

8. Pursuant to Ala. Code § 6-3-2 — supplemented by Rule 82 of the Alabama Rules of Civil Procedure — and Ala. Code § 6-3-7, venue is proper in this Court because a substantial part of the acts and/or omissions giving rise to this action occurred in Madison County.

9. This Court has personal jurisdiction over the Defendants because, among other things: (1) they transacted, and continue to transact, business within the state of Alabama; (2) the claims asserted in this action arose from or are connected with purposeful and tortious acts or omissions committed by them, in whole or in part, in or directed toward a resident of the state of Alabama; (3) they have committed tortious acts or omissions, directly or indirectly, that caused substantial harm in the state of Alabama; (4) they have had continuous and systematic contacts with the state of Alabama by engaging in numerous activities that have had an effect in this state; (5) they executed contracts in Alabama with an Alabama resident (Prince) that required performance in Alabama; and/or (6) they have consented to this Court's exercise of personal jurisdiction in this action.

10. Moreover, pursuant to a Continuing Guaranty entered between Hui and Prince on or about August 31, 2017 ("Hui Guaranty"), the parties stipulated and agreed, in pertinent part, as follows:

> Guarantor [Hui] acknowledges the negotiation of the provisions of this Guaranty took place, and this Guaranty is being executed in the State of Alabama. Guarantor acknowledges that any cause of action arising under this Guaranty will be a cause of action arising from an Alabama transaction and that it is guaranteeing payment of Indebtedness owing to an individual resident of the State of Alabama, that it is foreseeable that this Guaranty and the performance hereof have and will have significant effects in the State of Alabama, and that Guarantor's execution of this Guaranty will subject Guarantor to the jurisdiction of the State of Alabama.

11. Pursuant to an Accommodation Pledge Agreement entered between Hui and Prince on September 6, 2017 ("Stock Pledge Agreement"), the parties stipulated and agreed, in pertinent part, as follows:

> (c) This [Stock Pledge] Agreement shall be governed by and construed in accordance with the laws of the State of Alabama, without regard to its conflict of laws principles that would result in the application of the laws of a different state.
>
> (d) Jurisdiction and Venue. The parties to this [Stock Pledge] Agreement agree that any action on this Agreement shall be brought exclusively in a court of competent subject matter jurisdiction located in Huntsville, Madison County, Alabama. The parties hereby consent to personal jurisdiction in such courts....Each party hereby agrees that such courts constitute reasonable and convenient venues for the adjudication for any dispute arising under this [Stock Pledge] Agreement and agrees to waive any defense based on the convenience of any such court as a forum.

## FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

12. In 2003, Prince and others formed KAYA Associates, Inc. ("KAYA"), an Alabama corporation headquartered in Huntsville, Alabama. Prince owned 90% of KAYA's stock.

13. Prince's ethnicity made KAYA eligible for the Small Business Administration's 8(a) program, which sets aside certain government contracts for competition among certified 8(a) companies.

14. Under Prince's ownership and leadership, KAYA grew and prospered. Much of KAYA's success was built upon its status as a small, disadvantaged 8(a) business. However, KAYA's 8(a) status, and the advantages that went with it, expired after nine years.

15. KAYA reorganized in April 2016. As part of the reorganization, Breifne Group, LLC ("Breifne") acquired all of KAYA's capital stock. As part of that transaction, Prince loaned KAYA $6,389,201.25, the proceeds of which were used by KAYA to redeem Prince's KAYA stock. KAYA executed a Promissory Note and Security Agreement in favor of Prince (collectively "Original Loan Documents"), granting Prince a security interest and collateral for the $6.4 million loan he made to the company.

16. The following year, in August 2017, Hui acquired all of KAYA's stock from Breifne. As part of that transaction, Hui paid Prince $500,000 and, following a true-up, Prince swept $1,587,928 from KAYA's bank account.

17. As part of Hui's acquisition of KAYA, Prince agreed to restructure the loan to KAYA reflected in the Original Loan Documents. On September 6, 2017, Prince and KAYA entered into an Amended and Restated Loan and Security Agreement with KAYA ("Loan Agreement"), restructuring KAYA's debt into two tranches: Tranche A in the amount of $3,287,500 ("Tranche A Loan"), and Tranche B in the amount of $1,314,201 ("Tranche B Loan"). Hui also executed an Amended and Restated Promissory Note in the amount of $4,481,701.25 ("Promissory Note").

18. The Loan Agreement required KAYA and/or Hui (as Guarantor) to make quarterly 6% interest payments to Prince until the unpaid principal balance of the Tranche A Loan was paid in full ("Tranche A Interest Payment"). KAYA and/or Hui (as Guarantor) was also required to make quarterly principal payments in an amount equal to the greater of zero plus 30% of KAYA's free cash flow for the three-month period ending on the last day of the second month of such calendar quarter ("Tranche A Principal Payment").

19. The Loan Agreement required KAYA and/or Hui to submit to Prince: (1) KAYA's compiled fiscal year-end financial statements compiled by an independent certified public accountant; (2) KAYA's interim company prepared financial statements after the close of each fiscal quarter; and (3) such other financial and related information when and as requested by Prince regarding KAYA and the collateral ("Financial Records Obligations").

20. The Loan Agreement prohibited KAYA and Hui from engaging in specific acts that could jeopardize KAYA's ability to pay the indebtedness owed to Prince or otherwise operate as a going concern, including without limitation: (1) incurring any new indebtedness without the prior written consent of Prince, if such indebtedness would result in KAYA having a debt service coverage ratio of greater than three to one (3:1) during its first year after such borrowing; (2) liquidating, discontinuing, or materially reducing KAYA's normal operations; (3) dissolving, merging, liquidating, or selling KAYA; (4) guaranteeing, endorsing, or becoming a surety for obligations of any other person or entity, without the prior written consent of Prince; (5) making any loans or advancing any monies to any other third person or entity, without the prior written consent of Prince ("Prohibited Transactions").

21. As part of the restructuring of Prince's loan to KAYA, Hui executed the Hui Guaranty on September 6, 2017, whereby Hui guaranteed and promised to pay KAYA's indebtedness to Prince under the Tranche A Loan and Loan Agreement.

22. As part of the restructuring of Prince's loan to KAYA, Hui executed the Stock Pledge Agreement to, among other things, secure Hui's obligations under the Hui Guaranty, and to assign, transfer, grant, convey, set over, and pledge the Common Stock of KAYA held by Hui, together with any additional shares of the capital stock of KAYA later issued to Hui ("KAYA Stock"). As part of that transaction, Hui executed an Assignment (Separate) From Certificate ("KAYA Stock Assignment"), whereby Hui sold, assigned, and transferred the KAYA Stock to Prince pursuant to the Stock Pledge Agreement.

23. Section 4 of the Stock Pledge Agreement required Hui to deliver to Prince the original KAYA Stock certificates and the executed KAYA Stock Assignment, to be held by Prince until KAYA's indebtedness and/or Hui's guaranty obligations under the Hui Guaranty were satisfied in full.

24. The Defendants failed or refused to deliver the KAYA Stock to Prince as required by the Stock Pledge Agreement.

25. Section 7 of the Stock Pledge Agreement addressed Prince's remedies if KAYA or Hui defaulted on their obligations under the Loan Agreement and/or Hui Guaranty. In the event of default, Prince could: (1) declare the entire balance of the Tranche A Loan immediately due and payable; (2) sell the collateral, or any part thereof, including the KAYA Stock; (3) transfer the KAYA Stock to Prince's name and exercise all rights, powers, and remedies of an owner of the KAYA Stock; and/or (4) exercise all other remedies available to Prince under the

Uniform Commercial Code (UCC) in effect in the State of Alabama, or in equity, or under the terms of any of the aforementioned agreements between Prince, KAYA, and/or Hui.

26. KAYA and/or Hui made quarterly Tranche A Interest Payments until June 2019, at which time they defaulted.

27. Neither KAYA nor Hui has made any quarterly Tranche A Principal Payments.

28. Neither KAYA nor Hui has fully complied with the Financial Records Obligations, despite repeated requests by Prince.

29. Prince contacted Hui in July 2019, and the parties met in August of 2019 to discuss Hui's and KAYA's failure to pay the June 2019 Tranche A Interest Payment, Hui's and KAYA's failure to make any Tranche A Principal Payments, and their failure to comply with the Financial Records Obligations. On August 15, 2019, Prince's counsel sent a default and demand letter attached as **Exhibit A** to Hui and KAYA.

30. Following these communications, Hui and/or KAYA began making quarterly Trance A Interest payments but refused to make any Tranche A Principal Payments or fully comply with the Financial Records Obligations.

31. Prince has since learned that the Defendants have been pilfering and depleting KAYA's assets and cash reserves by, among other things, engaging in or causing KAYA to engage in Prohibited Transactions to avoid paying Tranche A Principal Payments, diminish and/or waste the value of Prince's collateral, namely the KAYA Stock. Specifically, the Defendants have caused KAYA unlawfully direct KAYA funds to themselves, to pay the Defendants' personal expenses, third-parties, and/or entities owned or controlled by the Defendants. Prince has also learned that the Defendants have (or intend to) transfer and

comingle KAYA's financial and accounting functions with Hui's and/or other entities owned and controlled by Hui.

32. For example, Hui only recently provided KAYA's consolidated financial statements for the fiscal year ended December 31, 2018. Those statements showed nebulous entries for "other expenses" of ($281,215), and "related party receivable" of ($349,367). According to the notes accompanying the statements, the "related party receivable" reflected unsecured, zero interest loans from KAYA to Hui and other "related party entities." The notes also identified $527,866 in unallowable costs that could not be included in prices, cost reimbursements, or settlements under a government contract.

33. Moreover, in a February 13, 2020 email to Prince, Russell admitted that Hui "uncovered significant irregularities that have caused Kaya in excess of 6 figures (maybe even 7 figures) in profitability."

34. Defendants Wright and Russell knew or should have known that Prince entered into the Loan Agreement, Promissory Note, Hui Guaranty, Stock Pledge Agreement, and KAYA Stock Assignment with KAYA and Hui. Despite their knowledge of these contracts, Defendants Wright and Russell intentionally and tortiously interfered with Prince's contractual agreements with KAYA and Hui, and knowingly and intentionally caused and/or aided KAYA and Hui to breach their contractual obligations to Prince.

35. The Defendants' acts and omissions are part of an overall scheme and/or conspiracy to tortiously interfere with the contractual and business relationships of Prince, and were willful, wanton, malicious, oppressive, reckless and/or were undertaken with the intent to defraud.

**COUNT I**
**BREACH OF CONTRACT AGAINST HUI**

36. Prince reasserts and realleges the preceding allegations as if fully set forth herein.

37. Prince entered into valid and binding contracts with Hui that were supported by adequate consideration. These contracts included, without limitation, the Loan Agreement, the Promissory Note, the Hui Guaranty, the Stock Pledge Agreement, and the KAYA Stock Assignment.

38. Hui breached its contracts with Prince by, among other things: (1) failing or refusing to deliver the KAYA Stock to Prince as required by the Stock Pledge Agreement; (2) failing or refusing to make Tranche A Interest Payments when they became due under the Loan Agreement and/or Hui Guaranty; (3) failing or refusing to make any Tranche A Principal Payments when they became due under the Loan Agreement and/or Hui Guaranty; (4) failing or refusing to comply with the Financial Records Obligations; (5) engaging in and/or causing KAYA to engage in Prohibited Transactions; and/or (6) otherwise pilfering and depleting KAYA's assets and cash reserves to avoid paying Tranche A Principal Payments, diminish and/or waste the value of Prince's collateral, namely the KAYA Stock.

39. Prince has fully performed his obligations pursuant to the contracts with Hui, and any conditions precedent have been satisfied.

40. Prince has suffered significant financial damages as a direct and proximate result of Hui's breaches.

**COUNT II**
**BREACH OF FIDUCIARY DUTY AGAINST HUI**

41. Prince reasserts and realleges the preceding allegations as if fully set forth herein.

42. By virtue of the Loan Agreement, Promissory Note, Hui Guaranty, Stock Pledge Agreement, KAYA Stock Assignment, and/or Prince's interest in the KAYA Stock (as a creditor and assignee), Hui owed fiduciary duties to Prince, including, but not limited to, the highest obligations of good faith, fair dealing, loyalty and due care. These duties encompassed, without limitation, obligations to: (1) make full and complete disclosure of all material facts that might affect Prince's interest in the KAYA Stock; (2) use care, skill and diligence in the performance of their and KAYA's duties and obligations; (3) fully and completely disclose Hui's intentions with respect to KAYA's business operations; and/or (4) exercise a high degree of honesty, loyalty, integrity and good faith.

43. Prince reposed trust and confidence that Hui would abide by its fiduciary duties. Hui violated and breached its fiduciary duties of care, honesty, candor, good faith and loyalty by, among other things: (1) failing or refusing to deliver the KAYA Stock to Prince as required by the Stock Pledge Agreement; (2) failing or refusing to make Tranche A Interest Payments when they became due under the Loan Agreement and/or Hui Guaranty; (3) failing or refusing to make any Tranche A Principal Payments when they became due under the Loan Agreement and/or Hui Guaranty; (4) failing or refusing to comply with the Financial Records Obligations; (5) engaging in and/or causing KAYA to engage in Prohibited Transactions; and/or (6) otherwise pilfering and depleting KAYA's assets and cash reserves to avoid paying Tranche A Principal Payments, diminish and/or waste the value of Prince's collateral, namely the KAYA Stock.

44. As a direct and proximate result of Hui's disloyal acts and omissions, as described in this Complaint, Prince has sustained significant damages, including, but not limited to the diminution of the value of his collateral, namely the KAYA Stock.

**COUNT III**
**FRAUDULENT SUPPRESSION AGAINST ALL DEFENDANTS**

45. Prince reasserts and realleges the preceding allegations as if fully set forth herein.

46. The Defendants suppressed certain material facts from Prince, including, but not limited to, that Hui would NOT: (1) deliver the KAYA Stock to Prince as required by the Stock Pledge Agreement; (2) make Tranche A Interest Payments when they became due under the Loan Agreement and/or Hui Guaranty; (3) make any Tranche A Principal Payments when they became due under the Loan Agreement and/or Hui Guaranty; (4) comply with the Financial Records Obligations; (5) engage in and/or cause KAYA to engage in Prohibited Transactions; and/or (6) otherwise pilfer and deplete KAYA's assets and cash reserves to avoid paying Tranche A Principal Payments, diminish and/or waste the value of Prince's collateral, namely the KAYA Stock.

47. Further, Wright and/or Russell suppressed that they intended to interfere with Prince's contracts with KAYA and Hui.

48. The Defendants owed a duty and were obligated to disclose these and other material facts to Prince.

49. The Defendants intentionally, recklessly and/or negligently suppressed these material facts from Prince between August 2017 and the date of this Complaint.

50. The Defendants' suppression of these material facts induced Prince to act or refrain from acting, including, but not limited to: (1) entering into the aforementioned contracts with KAYA and Hui; (2) forbearing exercising his rights and/or remedies for KAYA's and Hui's defaults; and/or (3) forgoing and/or postponing business opportunities. Prince reasonably relied on and acted to his detriment as a result of the Defendants' suppression.

51. The Defendants' fraudulent concealment or suppression and deceit has caused and continues to cause substantial financial loss and damages to Prince.

**COUNT IV**
**TORTIOUS INTERFERENCE WITH CONTRACTUAL RELATIONSHIPS AGAINST WRIGHT AND RUSSELL**

52. Prince reasserts and realleges the preceding allegations as if fully set forth herein.

53. Wright and Russell knew or should have known that Prince entered into the aforementioned agreements with KAYA and Hui.

54. Despite their knowledge, Wright and Russell intentionally and tortiously interfered with Prince's contractual agreements with KAYA and Hui, and knowingly and intentionally caused and/or aided KAYA and Hui to breach their contractual obligations to Prince.

55. Wright and Russell's interference with Prince's contractual and business relations was and is improper and without justification.

56. Wright and Russell's interference with Prince's contractual and business relations has caused and continues to cause substantial financial loss and damages to Prince.

**COUNT V**
**DECLARATORY JUDGMENT**

57. Prince reasserts and realleges the preceding allegations as if fully set forth herein.

58. Pursuant to Alabama's Declaratory Judgment Act, Ala. Code §§ 6-6-220, *et seq.*, Prince respectfully requests the Court to declare the rights, privileges and/or entitlements of the parties with respect to the Loan Agreement, the Promissory Note, the Hui Guaranty, the Stock Pledge Agreement, and the KAYA Stock Assignment.

59. A justiciable and bona fide controversy presently exists between the parties as to this matter and Prince is entitled to have it resolved by this Court.

**COUNT VI**
**INJUNCTIVE RELIEF**

60. Prince, pursuant to Rule 65 of the Alabama Rules of Civil Procedure, requests an immediate and temporary Order of this Court temporarily and preliminarily restraining and enjoining the Defendants from: (a) engaging in or causing KAYA to engage in any of the Prohibited Transactions; (b) engaging in or causing KAYA to engage in any acts that diminish the value of the KAYA Stock; (c) directing or causing KAYA to direct KAYA funds to themselves; (d) paying or causing KAYA to pay the Defendants' personal expenses from KAYA funds; (e) directing or causing KAYA to loan money or otherwise direct payment to third-parties and/or entities owned or controlled by the Defendants; (f) selling any KAYA assets; and (g) terminating any current KAYA personnel.

61. Unless the Defendants are restrained temporarily and preliminarily, they will continue to act unlawfully toward Prince and further diminish the value of the KAYA Stock.

62. If the Defendants continue in their unlawful conduct, Prince will suffer immediate and irreparable injury.

63. Prince has no adequate remedy at law for the Defendants' actions since the damages he will suffer are incapable of exact proof, as is the harm that the Defendants will impose upon Prince.

64. Temporary and preliminary injunctive relief is necessary to protect Prince's rights and to prevent unavoidable and irreparable injuries to him.

65. As demonstrated above, there is not only a substantial, but a real and imminent likelihood that Prince will succeed on the merits of the claims asserted herein.

66. Additionally, there is no evidence that any hardship imposed on the Defendants by granting the requested temporary and preliminary injunctive relief will unreasonably

outweigh the benefit accruing to Prince. Rather, the harm caused Prince as a result of the Defendants' actions far exceeds any alleged harm caused them as a result of any temporary and preliminary injunctive relief requested herein.

67. Upon any determination by the Court that Prince is entitled to the issuance of any temporary and/or preliminary injunctive relief sought herein, Prince will submit any requisite security necessary under Rule 65 of the Alabama Rules of Civil Procedure, as determined by the Court.

**RELIEF**

WHEREFORE, premises considered, Prince respectfully requests that the Court award the following relief incident to the claims set forth above:

1. Immediately transferring and vesting title in the KAYA Stock to Prince.

2. A temporary and preliminary injunction restraining and enjoining the Defendants from:

(a) engaging in or causing KAYA to engage in any of the Prohibited Transactions;

(b) engaging in or causing KAYA to engage in any acts that diminish the value of the KAYA Stock;

(c) directing or causing KAYA to direct KAYA funds to themselves;

(d) paying or causing KAYA to pay the Defendants' personal expenses from KAYA funds;

(e) directing or causing KAYA to loan money or otherwise direct payment to third-parties and/or entities owned or controlled by the Defendants;

(f) transferring and/or comingling KAYA's financial and accounting functions with Hui's and/or other entities owned and controlled by Hui;

(g) selling any KAYA assets; and

(h) terminating any current KAYA personnel.

2. After trial of this cause, a permanent injunction against the Defendants enjoining the conduct set forth above.

3. After trial of this cause, a judgment declaring Prince the owner of the KAYA Stock.

4. After trial of this cause, a judgment for actual damages, consequential damages, punitive and exemplary damages, statutory damages, and pre- and post-judgment interest;

5. After trial of this cause, a judgment for attorneys' and expert witness fees, court costs and all other expenses associated with the prosecution of this action; and

6. For such other and further relief to which Prince shows he is justly entitled at law or in equity.

Respectfully submitted this 14th day of February, 2020.

/s/ Benjamin L. McArthur
W. Brad English
Benjamin L. McArthur

*Attorneys for Plaintiff John Prince*

**OF COUNSEL:**

**MAYNARD, COOPER & GALE, P.C.**
655 Gallatin Street, S.W.
Huntsville, Alabama 35801
Telephone: (256) 551-0171
Facsimile: (256) 512-0119
benglish@maynardcooper.com
bmcarthur@maynardcooper.com

**VERIFICATION**

STATE OF ALABAMA )
)
COUNTY OF MADISON )

I, John Prince, being duly sworn upon oath, deposes and says: I am the Plaintiff in the above-entitled action, and the facts stated herein are true and correct to the best of my knowledge and belief.

JOHN PRINCE

Notary Public

My commission expires: 02/09/2022

**PLEASE SERVE THE DEFENDANTS BY PROCESS SERVER:**

Hui Huliau
c/o Adrian Silva, Registered Agent
87-164 Maliona Street
Waianae, Hawaii 96792

Deryl Wright
1500 Wandering Oaks Lane
Norman, Oklahoma 73026

Howard Russell
4205 Ivanhoe Drive
Monroeville, Pennsylvania 15146

ELECTRONICALLY FILED
2/14/2020 8:56 AM
47-CV-2020-900245.00
CIRCUIT COURT OF
MADISON COUNTY, ALABAMA
DEBRA KIZER, CLERK

# EXHIBIT A



**Robert G. Jones**
DIRECT (256) 562-1152
EMAIL rjones@maynardcooper.com

August 15, 2019

**VIA U.S. MAIL, E-MAIL AND FEDEX**
KAYA ASSOCIATES, INC.
c/o Hui Huliau
P.O. Box 587
Waianae, Honolulu County, Hawaii 96792
Attention: Howard Russell
hrussell@huihuliau.com

**VIA U.S. MAIL, E-MAIL AND FEDEX**
HUI HULIAU
P.O. Box 587
Waianae, Honolulu County, Hawaii 96792
Attention: Howard Russell
hrussell@huihuliau.com

Re: *Loan, Guaranty, and Pledge*
*Kaya Associates, Inc., and*
*Hui Huliau, Inc.*

Dear Mr. Russell:

Maynard Cooper & Gale represents John Prince. On September 6, 2017, Kaya Associates, Inc. ("Kaya"), entered into an Amended and Restated Loan and Security Agreement with Mr. Prince and delivered to Mr. Prince an Amended and Restated Promissory Note in the principal amount of $4,481,701.25. The indebtedness is divided into two tranches, Tranche A Loan and Tranche B Loan. As security for the indebtedness, as defined in the Agreement, Hui Huliau executed and delivered to Mr. Prince a Continuing Guaranty in favor of Mr. Prince guaranteeing payment of the underlying indebtedness and an Accommodation Pledge Agreement assigning and conveying to Mr. Prince all of Kaya's shares of stock.

Kaya has failed to make timely payment under the Tranche A Loan, and payment is still outstanding. Failure to make payment is an event of default under the agreement. Therefore, in accordance with the Amended and Restated Loan and Security Agreement, Mr. Prince has the right to declare the Tranche A Loan, and all liabilities arising in connection with the Tranche A Loan to be due and payable, both as to principal and interest. Additionally, pursuant to section 4.07 of the Amended and Restated Loan and Security Agreement, Mr. Prince hereby demands inspection of the current books and records of Kaya.

Further, Mr. Prince is concerned that transactions and/or distributions outside the ordinary course of Kaya's business could impair Kaya's ability to make payments due to him. Accordingly, Mr. Prince demands that Kaya, Hui and anyone acting in concert with either of them immediately cease and desist from engaging in any such transactions that could impair Mr. Prince's interests, rights or collateral.

Your respective attorneys should contact me, or my law partner Brad English, immediately to discuss the orderly resolution of this matter. If I do not hear from you before 1:00 o'clock, p.m., on August 20, 2019, Mr. Prince will be forced to consider taking further action to protect his interests.

Mr. Prince does not waive any rights or remedies and expressly reserves all rights and remedies under the loan and security agreements whether at law or equity.

Sincerely,

Robert G. Jones

Enclosure (none)
cc: Wilson, Elser, Moskowitz, Edelman & Dicker, LLP
Attn: William Behr
John Prince
Brad English



ELECTRONICALLY FILED
2/14/2020 9:13 AM
47-CV-2020-900245.00
CIRCUIT COURT OF
MADISON COUNTY, ALABAMA
DEBRA KIZER, CLERK

**IN THE CIRCUIT COURT OF MADISON COUNTY, ALABAMA**

| | | |
|---|---|---|
| **JOHN PRINCE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. CV-2020-900245 CEH** |
| | ) | |
| **HUI HULIAU; DERYL WRIGHT; and HOWARD RUSSELL;** | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |

**MOTION FOR TEMPORARY RESTRAINING ORDER,
REQUEST FOR EXPEDITED HEARING AND
MOTION FOR PRELIMINARY INJUNCTION**

Pursuant to Rule 65 of the Alabama Rules of Civil Procedure, Plaintiff JOHN PRINCE ("Prince or "Plaintiff") respectfully requests this Court to issue the temporary restraining order ("Order"), attached hereto as **Exhibit A**, against Defendants HUI HULIAU ("Hui"), DERYL WRIGHT ("Wright"), and HOWARD RUSSELL ("Russell," and together with Hui and Wright, "Defendants"), temporarily and preliminarily restraining and enjoining the Defendants from: (a) engaging in or causing KAYA to engage in any of the Prohibited Transactions[1]; (b) engaging in or causing KAYA to engage in any acts that diminish the value of the KAYA Stock; (c) directing or causing KAYA to direct KAYA funds to themselves; (d) paying or causing KAYA to pay the Defendants' personal expenses from KAYA funds; (e) directing or causing KAYA to loan money or otherwise direct payment to third-parties and/or entities owned or controlled by the Defendants; (f) selling any KAYA assets; and (g) terminating any current KAYA personnel.

---

[1] Unless otherwise defined, all capitalized terms used herein shall have the same meaning ascribed in the Verified Complaint.

This Motion is based on Prince's Verified Complaint and Request for Injunctive Relief ("Compl."), attached hereto as **Exhibit B**, and the Attorney's Rule 65(b) Certificate, attached hereto as **Exhibit C**. In support of this Motion, Prince states as follows:

1. In 2003, Prince and others formed KAYA, an Alabama corporation headquartered in Huntsville, Alabama. Prince owned 90% of KAYA's stock. (Compl. at ¶ 12).

2. Prince's ethnicity made KAYA eligible for the Small Business Administration's 8(a) program, which sets aside certain government contracts for competition among certified 8(a) companies. (Id. at ¶ 13).

3. Under Prince's ownership and leadership, KAYA grew and prospered. Much of KAYA's success was built upon its status as a small, disadvantaged 8(a) business. However, KAYA's 8(a) status, and the advantages that went with it, expired after nine years. (Id. at ¶ 14).

4. KAYA reorganized in April 2016. As part of the reorganization, Breifne acquired all of KAYA's capital stock. As part of that transaction, Prince loaned KAYA $6,389,201.25, the proceeds of which were used by KAYA to redeem Prince's KAYA stock. KAYA executed a Promissory Note and Security Agreement in favor of Prince, granting Prince a security interest and collateral for the $6.4 million loan he made to the company. (Id. at ¶ 15).

5. The following year, in August 2017, Hui acquired all of KAYA's stock from Breifne. As part of that transaction, Hui paid Prince $500,000 and, following a true-up, Prince swept $1,587,928 from KAYA's bank account. (Id. at ¶ 16).

6. As part of Hui's acquisition of KAYA, Prince agreed to restructure the loan to KAYA reflected in the Original Loan Documents. On September 6, 2017, Prince and KAYA entered into the Loan Agreement, restructuring KAYA's debt into two tranches: Tranche A in

the amount of $3,287,500, and Tranche B in the amount of $1,314,201. Hui also executed an Amended and Restated Promissory Note in the amount of $4,481,701.25. (Id. at ¶ 17).

7. The Loan Agreement required KAYA and/or Hui (as Guarantor) to make quarterly 6% interest payments to Prince until the unpaid principal balance of the Tranche A Loan was paid in full. KAYA and/or Hui (as Guarantor) was also required to make quarterly principal payments in an amount equal to the greater of zero plus 30% of KAYA's free cash flow for the three-month period ending on the last day of the second month of such calendar quarter (Id. at ¶ 18).

8. The Loan Agreement required KAYA and/or Hui to submit to Prince: (1) KAYA's compiled fiscal year-end financial statements compiled by an independent certified public accountant; (2) KAYA's interim company prepared financial statements after the close of each fiscal quarter; and (3) such other financial and related information when and as requested by Prince regarding KAYA and the collateral. (Id. at ¶ 19).

9. The Loan Agreement prohibited KAYA and Hui from engaging in specific acts that could jeopardize KAYA's ability to pay the indebtedness owed to Prince or otherwise operate as a going concern, including without limitation: (1) incurring any new indebtedness without the prior written consent of Prince, if such indebtedness would result in KAYA having a debt service coverage ratio of greater than three to one (3:1) during its first year after such borrowing; (2) liquidating, discontinuing, or materially reducing KAYA's normal operations; (3) dissolving, merging, liquidating, or selling KAYA; (4) guaranteeing, endorsing, or becoming a surety for obligations of any other person or entity, without the prior written consent of Prince; (5) making any loans or advancing any monies to any other third person or entity, without the prior written consent of Prince. (Id. at ¶ 20).

10. As part of the restructuring of Prince's loan to KAYA, Hui executed the Hui Guaranty on September 6, 2017, whereby Hui guaranteed and promised to pay KAYA's indebtedness to Prince under the Tranche A Loan and Loan Agreement. (Id. at ¶ 21).

11. As part of the restructuring of Prince's loan to KAYA, Hui executed the Stock Pledge Agreement to, among other things, secure Hui's obligations under the Hui Guaranty, and to assign, transfer, grant, convey, set over, and pledge the Common Stock of KAYA held by Hui, together with any additional shares of the capital stock of KAYA later issued to Hui. As part of that transaction, Hui executed an Assignment (Separate) From Certificate, whereby Hui sold, assigned, and transferred the KAYA Stock to Prince pursuant to the Stock Pledge Agreement. (Id. at ¶ 22).

12. Section 4 of the Stock Pledge Agreement required Hui to deliver to Prince the original KAYA Stock certificates and the executed KAYA Stock Assignment, to be held by Prince until KAYA's indebtedness and/or Hui's guaranty obligations under the Hui Guaranty were satisfied in full. (Id. at ¶ 23).

13. The Defendants failed or refused to deliver the KAYA Stock to Prince as required by the Stock Pledge Agreement. (Id. at ¶ 24).

14. Section 7 of the Stock Pledge Agreement addressed Prince's remedies if KAYA or Hui defaulted on their obligations under the Loan Agreement and/or Hui Guaranty. In the event of default, Prince could: (1) declare the entire balance of the Tranche A Loan immediately due and payable; (2) sell the collateral, or any part thereof, including the KAYA Stock; (3) transfer the KAYA Stock to Prince's name and exercise all rights, powers, and remedies of an owner of the KAYA Stock; and/or (4) exercise all other remedies available to Prince under the Uniform Commercial Code (UCC) in effect in the State of Alabama, or in equity, or under the

terms of any of the aforementioned agreements between Prince, KAYA, and/or Hui. (Id. at ¶ 25).

15. KAYA and/or Hui made quarterly Tranche A Interest Payments until June 2019, at which time they defaulted. (Id. at ¶ 26).

16. Neither KAYA nor Hui has made any quarterly Tranche A Principal Payments. (Id. at ¶ 27).

17. Neither KAYA nor Hui has fully complied with the Financial Records Obligations, despite repeated requests by Prince. (Id. at ¶ 28).

18. Prince contacted Hui in July 2019, and the parties met in August of 2019 to discuss Hui's and KAYA's failure to pay the June 2019 Tranche A Interest Payment, Hui's and KAYA's failure to make any Tranche A Principal Payments, and their failure to comply with the Financial Records Obligations. On August 15, 2019, Prince's counsel sent a default and demand letter to Hui and KAYA. (Id. at ¶ 29, Ex. A).

19. Following these communications, Hui and/or KAYA began making quarterly Trance A Interest payments but refused to make any Tranche A Principal Payments or fully comply with the Financial Records Obligations. (Id. at ¶ 30).

20. Prince has since learned that the Defendants have been pilfering and depleting KAYA's assets and cash reserves by, among other things, engaging in or causing KAYA to engage in Prohibited Transactions to avoid paying Tranche A Principal Payments, diminish and/or waste the value of Prince's collateral, namely the KAYA Stock. Specifically, the Defendants have caused KAYA unlawfully direct KAYA funds to themselves, to pay the Defendants' personal expenses, third-parties, and/or entities owned or controlled by the Defendants. Prince has also learned that the Defendants have (or intend to) transfer and

comingle KAYA's financial and accounting functions with Hui's and/or other entities owned and controlled by Hui. (Id. at ¶ 31).

21. For example, Hui only recently provided KAYA's consolidated financial statements for the fiscal year ended December 31, 2018. Those statements showed nebulous entries for "other expenses" of ($281,215), and "related party receivable" of ($349,367). According to the notes accompanying the statements, the "related party receivable" reflected unsecured, zero interest loans from KAYA to Hui and other "related party entities." The notes also identified $527,866 in unallowable costs that could not be included in prices, cost reimbursements, or settlements under a government contract. (Id. at ¶ 32).

22. Moreover, in a February 13, 2020 email to Prince, Russell admitted that Hui "uncovered significant irregularities that have caused Kaya in excess of 6 figures (maybe even 7 figures) in profitability." (Id. at ¶ 33).

23. Defendants Wright and Russell knew or should have known that Prince entered into the Loan Agreement, Promissory Note, Hui Guaranty, Stock Pledge Agreement, and KAYA Stock Assignment with KAYA and Hui. Despite their knowledge of these contracts, Defendants Wright and Russell intentionally and tortiously interfered with Prince's contractual agreements with KAYA and Hui, and knowingly and intentionally caused and/or aided KAYA and Hui to breach their contractual obligations to Prince. (Id. at ¶ 33).

24. The Defendants' acts and omissions are part of an overall scheme and/or conspiracy to tortiously interfere with the contractual and business relationships of Prince, and were willful, wanton, malicious, oppressive, reckless and/or were undertaken with the intent to defraud. (Id. at ¶ 34).

25. A plaintiff seeking a temporary restraining order must demonstrate:

> (1) that without the [TRO] the plaintiff would suffer immediate and irreparable injury; (2) that the plaintiff has no adequate remedy at law; (3) that the plaintiff has at least a reasonable chance of success on the ultimate merits of his case; and (4) that the hardship imposed on the defendant by the [TRO] would not unreasonably outweigh the benefit accruing to the plaintiff.

Lott v. Eastern Shore Christian Center, 908 So. 2d 922, 927 (Ala. 2005) (internal quotation omitted).

26. In Ex parte Health Care Mgmt. Grp. of Camden, Inc., 522 So.2d 280, 282 (Ala.1988), the Alabama Supreme Court held that"[i]t is well settled that the purpose of granting a temporary restraining order or preliminary injunction is to maintain the status quo until the merits of the case can be determined." Applying Rule 65, the Court affirmed in part a preliminary injunction preventing a hospital management company, following a stock transfer, from, among other things, transferring funds out of state pending a determination of the merits of the board's claims. Id. at 282. The Court found that the management company's alleged conduct met the irreparable injury requirement, finding "it is obvious that the removal of funds to the State of Georgia would jeopardize the success of the hospital." Id.

27. In this case, as demonstrated above, and more fully in the Verified Complaint, the Defendants' conduct has jeopardized — and will continue to jeopardize, if not enjoined — KAYA's ability to operate as a going concern, and Prince's ownership interest in the Company. Indeed, just yesterday Russell admitted to "irregularities" costing the company potentially millions of dollars in profit. If the Defendants' conduct is not enjoined, as requested herein, the KAYA Stock will likely be worthless by the time it is transferred to Prince.

28. Pursuant to Rule 65 of the Alabama Rules of Civil Procedure, the requested Order may be granted without written or oral notice to the Defendants because immediate and irreparable injury, loss or damage will result to Prince before the Defendants or their attorney can

be heard in opposition. Prince has more than a substantial likelihood of success on the merits, and an unwarranted and unreasonable hardship will not be imposed upon the Defendants by issuing the Order.

29. Additional grounds in support of this Motion are more fully set forth in the Verified Complaint.

30. The attorney certificate of Benjamin L. McArthur, one of the Plaintiff's attorneys, is attached to this Motion, as required by Rule 65(b) of the Alabama Rules of Civil Procedure.

31. For the foregoing reasons, and for the additional reasons set forth in the Verified Complaint, Bonnie Edmondson requests that the Court enter an Order enjoining the Defendants from:

(a) engaging in or causing KAYA to engage in any of the Prohibited Transactions;

(b) engaging in or causing KAYA to engage in any acts that diminish the value of the KAYA Stock;

(c) directing or causing KAYA to direct KAYA funds to themselves;

(d) paying or causing KAYA to pay the Defendants' personal expenses from KAYA funds;

(e) directing or causing KAYA to loan money or otherwise direct payment to third-parties and/or entities owned or controlled by the Defendants;

(f) selling any KAYA assets; and

(g) terminating any current KAYA personnel.

Respectfully submitted this 14th day of February, 2020.

/s/ Benjamin L. McArthur
W. Brad English

Benjamin L. McArthur

*Attorneys for Plaintiff John Prince*

**OF COUNSEL:**

**MAYNARD, COOPER & GALE, P.C.**
655 Gallatin Street, S.W.
Huntsville, Alabama 35801
Telephone: (256) 551-0171
Facsimile: (256) 512-0119
benglish@maynardcooper.com
bmcarthur@maynardcooper.com

**PLEASE SERVE THE DEFENDANTS BY PROCESS SERVER:**

Hui Huliau
c/o Adrian Silva, Registered Agent
87-164 Maliona Street
Waianae, Hawaii 96792

Deryl Wright
1500 Wandering Oaks Lane
Norman, Oklahoma 73026

Howard Russell
4205 Ivanhoe Drive
Monroeville, Pennsylvania 15146

ELECTRONICALLY FILED
2/14/2020 9:13 AM
47-CV-2020-900245.00
CIRCUIT COURT OF
MADISON COUNTY, ALABAMA
DEBRA KIZER, CLERK

# EXHIBIT A

**IN THE CIRCUIT COURT OF MADISON COUNTY, ALABAMA**

| | | |
|---|---|---|
| **JOHN PRINCE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. CV-2020-900245 CEH** |
| | ) | |
| **HUI HULIAU; DERYL WRIGHT; and** | ) | |
| **HOWARD RUSSELL;** | ) | |
| | ) | |
| **Defendants.** | ) | |

**TEMPORARY RESTRAINING ORDER**

On February 14, 2020, the Plaintiff filed a Verified Complaint and Request for Injunctive Relief (the "Verified Complaint") and a Motion for Temporary Restraining Order, Request for Expedited Hearing and Motion for Preliminary Injunction (the "Motion"). Considering the facts and matters alleged in the Verified Complaint and the Motion, the Court finds the requirements necessary to issue a temporary restraining order. Specifically, the Court finds that the Defendants' conduct has jeopardized — and will continue to jeopardize, if not enjoined — KAYA's ability to operate as a going concern, and Prince's ownership interest in the Company, thereby causing Plaintiff to suffer immediate and irreparable harm.

The Court finds that irreparable injury, loss or damage will result to the Plaintiff before the Defendants can be heard in opposition. The Court further finds that such temporary relief is necessary to preserve the *status quo*; will not work an inconvenience unwarrantedly or unreasonably on the Defendants; and that the Plaintiff has at least a substantial likelihood of success on the ultimate merits of the case.

It is therefore **ORDERED**, **ADJUDGED** and **DECREED** that the Defendants are enjoined from: (a) engaging in or causing KAYA to engage in any of the Prohibited Transactions[1]; (b) engaging in or causing KAYA to engage in any acts that diminish the value of the KAYA Stock; (c) directing or causing KAYA to direct KAYA funds to themselves; (d) paying or causing KAYA to pay the Defendants' personal expenses from KAYA funds; (e) directing or causing KAYA to loan money or otherwise direct payment to third-parties and/or entities owned or controlled by the Defendants; (f) selling any KAYA assets; and (g) terminating any current KAYA personnel. This Order will take effect as soon as the Plaintiff provides the bond, if required, to the Circuit Clerk of Madison County.

It is further **ORDERED**, **ADJUDGED** and **DECREED** that failure to abide by the terms of this Order constitutes contempt of Court. This Order shall terminate ten (10) days after entry in accordance with Rule 65(b) of the Alabama Rules of Civil Procedure, unless extended by further order of this Court. A preliminary injunction hearing shall be held on the _____ day of February ___, 2020 at _____ a.m. / p.m. The Plaintiff is required to post a bond in the amount of $___________.

DONE this _____ day of February, 2020.

_______________________________
CIRCUIT JUDGE

[1] All capitalized terms used herein shall have the same meaning ascribed in the Verified Complaint.

ELECTRONICALLY FILED
2/14/2020 9:13 AM
47-CV-2020-900245.00
CIRCUIT COURT OF
MADISON COUNTY, ALABAMA
DEBRA KIZER, CLERK

# EXHIBIT B



AlaFile E-Notice

47-CV-2020-900245.00

To: BENJAMIN LEE MCARTHUR
bmcarthur@maynardcooper.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MADISON COUNTY, ALABAMA

JOHN PRINCE V. HUI HULIAU ET AL
47-CV-2020-900245.00

The following complaint was FILED on 2/14/2020 8:57:06 AM

Notice Date: 2/14/2020 8:57:06 AM

DEBRA KIZER
CIRCUIT COURT CLERK
MADISON COUNTY, ALABAMA
MADISON COUNTY, ALABAMA
100 NORTHSIDE SQUARE
HUNTSVILLE, AL, 35801

256-532-3390

ELECTRONICALLY FILED
2/14/2020 8:56 AM
47-CV-2020-900245.00
CIRCUIT COURT OF
MADISON COUNTY, ALABAMA
DEBRA KIZER, CLERK

State of Alabama
Unified Judicial System
Form ARCiv-93 Rev. 9/18

# COVER SHEET
# CIRCUIT COURT - CIVIL CASE
(Not For Domestic Relations Cases)

Case Number: 47
Date of Filing: 02/14/2020
Judge Code:

## GENERAL INFORMATION

**IN THE CIRCUIT COURT OF MADISON COUNTY, ALABAMA**
**JOHN PRINCE v. HUI HULIAU ET AL**

**First Plaintiff:** ☐ Business ☑ Individual ☐ Government ☐ Other

**First Defendant:** ☑ Business ☐ Individual ☐ Government ☐ Other

**NATURE OF SUIT:** Select primary cause of action, by checking box (check only one) that best characterizes your action:

**TORTS: PERSONAL INJURY**
- ☐ WDEA - Wrongful Death
- ☐ TONG - Negligence: General
- ☐ TOMV - Negligence: Motor Vehicle
- ☐ TOWA - Wantonness
- ☐ TOPL - Product Liability/AEMLD
- ☐ TOMM - Malpractice-Medical
- ☐ TOLM - Malpractice-Legal
- ☐ TOOM - Malpractice-Other
- ☐ TBFM - Fraud/Bad Faith/Misrepresentation
- ☐ TOXX - Other: ____________

**TORTS: PERSONAL INJURY**
- ☐ TOPE - Personal Property
- ☐ TORE - Real Properly

**OTHER CIVIL FILINGS**
- ☐ ABAN - Abandoned Automobile
- ☐ ACCT - Account & Nonmortgage
- ☐ APAA - Administrative Agency Appeal
- ☐ ADPA - Administrative Procedure Act
- ☐ ANPS - Adults in Need of Protective Services

**OTHER CIVIL FILINGS (cont'd)**
- ☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/ Enforcement of Agency Subpoena/Petition to Preserve
- ☐ CVRT - Civil Rights
- ☐ COND - Condemnation/Eminent Domain/Right-of-Way
- ☐ CTMP - Contempt of Court
- ☑ CONT - Contract/Ejectment/Writ of Seizure
- ☐ TOCN - Conversion
- ☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/ Injunction Election Contest/Quiet Title/Sale For Division
- ☐ CVUD - Eviction Appeal/Unlawful Detainer
- ☐ FORJ - Foreign Judgment
- ☐ FORF - Fruits of Crime Forfeiture
- ☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
- ☐ PFAB - Protection From Abuse
- ☐ EPFA - Elder Protection From Abuse
- ☐ FELA - Railroad/Seaman (FELA)
- ☐ RPRO - Real Property
- ☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
- ☐ COMP - Workers' Compensation
- ☐ CVXX - Miscellaneous Circuit Civil Case

**ORIGIN:** F ☑ **INITIAL FILING** A ☐ **APPEAL FROM DISTRICT COURT** O ☐ **OTHER**

R ☐ **REMANDED** T ☐ **TRANSFERRED FROM OTHER CIRCUIT COURT**

**HAS JURY TRIAL BEEN DEMANDED?** ☐ **YES** ☑ **NO**

**Note:** Checking "Yes" does not constitute a demand for a jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

**RELIEF REQUESTED:** ☑ **MONETARY AWARD REQUESTED** ☐ **NO MONETARY AWARD REQUESTED**

**ATTORNEY CODE:**

MCA032 2/14/2020 8:56:29 AM /s/ BENJAMIN LEE MCARTHUR
Date Signature of Attorney/Party filing this form

**MEDIATION REQUESTED:** ☐ **YES** ☑ **NO** ☐ **UNDECIDED**

**Election to Proceed under the Alabama Rules for Expedited Civil Actions:** ☐ **YES** ☐ **NO**

ELECTRONICALLY FILED
2/14/2020 8:56 AM
47-CV-2020-900245.00
CIRCUIT COURT OF
MADISON COUNTY, ALABAMA
DEBRA KIZER, CLERK

**IN THE CIRCUIT COURT OF MADISON COUNTY, ALABAMA**

| | | |
|---|---|---|
| **JOHN PRINCE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. ______________** |
| | ) | |
| **HUI HULIAU; DERYL WRIGHT; and HOWARD RUSSELL;** | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |

**VERIFIED COMPLAINT AND REQUEST FOR INJUNCTIVE RELIEF**

COMES NOW Plaintiff JOHN PRINCE and for his Complaint against Defendants HUI HULIAU, DERYL WRIGHT, and HOWARD RUSSELL states the following:

**PARTIES**

1. Plaintiff John Prince ("Prince") is an individual over the age of nineteen (19) years who resides in Guntersville (Marshall County), Alabama.

2. Defendant Hui Huliau ("Hui") is a Hawaii Nonprofit Corporation headquartered in Waianae, Hawaii.

3. Defendant Deryl Wright ("Wright") is an individual over the age of nineteen (19) years who, upon information and belief, resides in Norman, Oklahoma. Wright is Hui's Chief Executive Officer (CEO).

4. Defendant Howard Russell ("Russell") is an individual over the age of nineteen (19) years who, upon information and belief, resides in Monroeville, Pennsylvania. Russell is Hui's Chief Financial Officer (CFO).

5. Hui, Wright, and Russell are collectively referred to herein as "Defendants."

6. Each of the Defendants acted individually and/or as the agent, servant, employee, partner and/or co-venturer of one another, or were otherwise engaged in a joint enterprise. Alternatively, each of the Defendants acted through their agents, servants, employees, partners and/or co-venturers and are liable to Prince under *respondeat superior* and/or agency theories, or are otherwise vicariously liable.

**JURISDICTION AND VENUE**

7. Prince seeks, among other things, compensatory and punitive damages in excess of $10,000.00, together with injunctive and other equitable relief. This Court has jurisdiction over the subject matter of this action pursuant to Ala. Code §§ 12-11-30, -31 and -33.

8. Pursuant to Ala. Code § 6-3-2 — supplemented by Rule 82 of the Alabama Rules of Civil Procedure — and Ala. Code § 6-3-7, venue is proper in this Court because a substantial part of the acts and/or omissions giving rise to this action occurred in Madison County.

9. This Court has personal jurisdiction over the Defendants because, among other things: (1) they transacted, and continue to transact, business within the state of Alabama; (2) the claims asserted in this action arose from or are connected with purposeful and tortious acts or omissions committed by them, in whole or in part, in or directed toward a resident of the state of Alabama; (3) they have committed tortious acts or omissions, directly or indirectly, that caused substantial harm in the state of Alabama; (4) they have had continuous and systematic contacts with the state of Alabama by engaging in numerous activities that have had an effect in this state; (5) they executed contracts in Alabama with an Alabama resident (Prince) that required performance in Alabama; and/or (6) they have consented to this Court's exercise of personal jurisdiction in this action.

10. Moreover, pursuant to a Continuing Guaranty entered between Hui and Prince on or about August 31, 2017 ("Hui Guaranty"), the parties stipulated and agreed, in pertinent part, as follows:

> Guarantor [Hui] acknowledges the negotiation of the provisions of this Guaranty took place, and this Guaranty is being executed in the State of Alabama. Guarantor acknowledges that any cause of action arising under this Guaranty will be a cause of action arising from an Alabama transaction and that it is guaranteeing payment of Indebtedness owing to an individual resident of the State of Alabama, that it is foreseeable that this Guaranty and the performance hereof have and will have significant effects in the State of Alabama, and that Guarantor's execution of this Guaranty will subject Guarantor to the jurisdiction of the State of Alabama.

11. Pursuant to an Accommodation Pledge Agreement entered between Hui and Prince on September 6, 2017 ("Stock Pledge Agreement"), the parties stipulated and agreed, in pertinent part, as follows:

> (c) This [Stock Pledge] Agreement shall be governed by and construed in accordance with the laws of the State of Alabama, without regard to its conflict of laws principles that would result in the application of the laws of a different state.
>
> (d) Jurisdiction and Venue. The parties to this [Stock Pledge] Agreement agree that any action on this Agreement shall be brought exclusively in a court of competent subject matter jurisdiction located in Huntsville, Madison County, Alabama. The parties hereby consent to personal jurisdiction in such courts....Each party hereby agrees that such courts constitute reasonable and convenient venues for the adjudication for any dispute arising under this [Stock Pledge] Agreement and agrees to waive any defense based on the convenience of any such court as a forum.

## FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

12. In 2003, Prince and others formed KAYA Associates, Inc. ("KAYA"), an Alabama corporation headquartered in Huntsville, Alabama. Prince owned 90% of KAYA's stock.

13. Prince's ethnicity made KAYA eligible for the Small Business Administration's 8(a) program, which sets aside certain government contracts for competition among certified 8(a) companies.

14. Under Prince's ownership and leadership, KAYA grew and prospered. Much of KAYA's success was built upon its status as a small, disadvantaged 8(a) business. However, KAYA's 8(a) status, and the advantages that went with it, expired after nine years.

15. KAYA reorganized in April 2016. As part of the reorganization, Breifne Group, LLC ("Breifne") acquired all of KAYA's capital stock. As part of that transaction, Prince loaned KAYA $6,389,201.25, the proceeds of which were used by KAYA to redeem Prince's KAYA stock. KAYA executed a Promissory Note and Security Agreement in favor of Prince (collectively "Original Loan Documents"), granting Prince a security interest and collateral for the $6.4 million loan he made to the company.

16. The following year, in August 2017, Hui acquired all of KAYA's stock from Breifne. As part of that transaction, Hui paid Prince $500,000 and, following a true-up, Prince swept $1,587,928 from KAYA's bank account.

17. As part of Hui's acquisition of KAYA, Prince agreed to restructure the loan to KAYA reflected in the Original Loan Documents. On September 6, 2017, Prince and KAYA entered into an Amended and Restated Loan and Security Agreement with KAYA ("Loan Agreement"), restructuring KAYA's debt into two tranches: Tranche A in the amount of $3,287,500 ("Tranche A Loan"), and Tranche B in the amount of $1,314,201 ("Tranche B Loan"). Hui also executed an Amended and Restated Promissory Note in the amount of $4,481,701.25 ("Promissory Note").

18. The Loan Agreement required KAYA and/or Hui (as Guarantor) to make quarterly 6% interest payments to Prince until the unpaid principal balance of the Tranche A Loan was paid in full ("Tranche A Interest Payment"). KAYA and/or Hui (as Guarantor) was also required to make quarterly principal payments in an amount equal to the greater of zero plus 30% of KAYA's free cash flow for the three-month period ending on the last day of the second month of such calendar quarter ("Tranche A Principal Payment").

19. The Loan Agreement required KAYA and/or Hui to submit to Prince: (1) KAYA's compiled fiscal year-end financial statements compiled by an independent certified public accountant; (2) KAYA's interim company prepared financial statements after the close of each fiscal quarter; and (3) such other financial and related information when and as requested by Prince regarding KAYA and the collateral ("Financial Records Obligations").

20. The Loan Agreement prohibited KAYA and Hui from engaging in specific acts that could jeopardize KAYA's ability to pay the indebtedness owed to Prince or otherwise operate as a going concern, including without limitation: (1) incurring any new indebtedness without the prior written consent of Prince, if such indebtedness would result in KAYA having a debt service coverage ratio of greater than three to one (3:1) during its first year after such borrowing; (2) liquidating, discontinuing, or materially reducing KAYA's normal operations; (3) dissolving, merging, liquidating, or selling KAYA; (4) guaranteeing, endorsing, or becoming a surety for obligations of any other person or entity, without the prior written consent of Prince; (5) making any loans or advancing any monies to any other third person or entity, without the prior written consent of Prince ("Prohibited Transactions").

21. As part of the restructuring of Prince's loan to KAYA, Hui executed the Hui Guaranty on September 6, 2017, whereby Hui guaranteed and promised to pay KAYA's indebtedness to Prince under the Tranche A Loan and Loan Agreement.

22. As part of the restructuring of Prince's loan to KAYA, Hui executed the Stock Pledge Agreement to, among other things, secure Hui's obligations under the Hui Guaranty, and to assign, transfer, grant, convey, set over, and pledge the Common Stock of KAYA held by Hui, together with any additional shares of the capital stock of KAYA later issued to Hui ("KAYA Stock"). As part of that transaction, Hui executed an Assignment (Separate) From Certificate ("KAYA Stock Assignment"), whereby Hui sold, assigned, and transferred the KAYA Stock to Prince pursuant to the Stock Pledge Agreement.

23. Section 4 of the Stock Pledge Agreement required Hui to deliver to Prince the original KAYA Stock certificates and the executed KAYA Stock Assignment, to be held by Prince until KAYA's indebtedness and/or Hui's guaranty obligations under the Hui Guaranty were satisfied in full.

24. The Defendants failed or refused to deliver the KAYA Stock to Prince as required by the Stock Pledge Agreement.

25. Section 7 of the Stock Pledge Agreement addressed Prince's remedies if KAYA or Hui defaulted on their obligations under the Loan Agreement and/or Hui Guaranty. In the event of default, Prince could: (1) declare the entire balance of the Tranche A Loan immediately due and payable; (2) sell the collateral, or any part thereof, including the KAYA Stock; (3) transfer the KAYA Stock to Prince's name and exercise all rights, powers, and remedies of an owner of the KAYA Stock; and/or (4) exercise all other remedies available to Prince under the

Uniform Commercial Code (UCC) in effect in the State of Alabama, or in equity, or under the terms of any of the aforementioned agreements between Prince, KAYA, and/or Hui.

26. KAYA and/or Hui made quarterly Tranche A Interest Payments until June 2019, at which time they defaulted.

27. Neither KAYA nor Hui has made any quarterly Tranche A Principal Payments.

28. Neither KAYA nor Hui has fully complied with the Financial Records Obligations, despite repeated requests by Prince.

29. Prince contacted Hui in July 2019, and the parties met in August of 2019 to discuss Hui's and KAYA's failure to pay the June 2019 Tranche A Interest Payment, Hui's and KAYA's failure to make any Tranche A Principal Payments, and their failure to comply with the Financial Records Obligations. On August 15, 2019, Prince's counsel sent a default and demand letter attached as **Exhibit A** to Hui and KAYA.

30. Following these communications, Hui and/or KAYA began making quarterly Trance A Interest payments but refused to make any Tranche A Principal Payments or fully comply with the Financial Records Obligations.

31. Prince has since learned that the Defendants have been pilfering and depleting KAYA's assets and cash reserves by, among other things, engaging in or causing KAYA to engage in Prohibited Transactions to avoid paying Tranche A Principal Payments, diminish and/or waste the value of Prince's collateral, namely the KAYA Stock. Specifically, the Defendants have caused KAYA unlawfully direct KAYA funds to themselves, to pay the Defendants' personal expenses, third-parties, and/or entities owned or controlled by the Defendants. Prince has also learned that the Defendants have (or intend to) transfer and

DOCUMENT 9

comingle KAYA's financial and accounting functions with Hui's and/or other entities owned and controlled by Hui.

32. For example, Hui only recently provided KAYA's consolidated financial statements for the fiscal year ended December 31, 2018. Those statements showed nebulous entries for "other expenses" of ($281,215), and "related party receivable" of ($349,367). According to the notes accompanying the statements, the "related party receivable" reflected unsecured, zero interest loans from KAYA to Hui and other "related party entities." The notes also identified $527,866 in unallowable costs that could not be included in prices, cost reimbursements, or settlements under a government contract.

33. Moreover, in a February 13, 2020 email to Prince, Russell admitted that Hui "uncovered significant irregularities that have caused Kaya in excess of 6 figures (maybe even 7 figures) in profitability."

34. Defendants Wright and Russell knew or should have known that Prince entered into the Loan Agreement, Promissory Note, Hui Guaranty, Stock Pledge Agreement, and KAYA Stock Assignment with KAYA and Hui. Despite their knowledge of these contracts, Defendants Wright and Russell intentionally and tortiously interfered with Prince's contractual agreements with KAYA and Hui, and knowingly and intentionally caused and/or aided KAYA and Hui to breach their contractual obligations to Prince.

35. The Defendants' acts and omissions are part of an overall scheme and/or conspiracy to tortiously interfere with the contractual and business relationships of Prince, and were willful, wanton, malicious, oppressive, reckless and/or were undertaken with the intent to defraud.

**COUNT I**
**BREACH OF CONTRACT AGAINST HUI**

36. Prince reasserts and realleges the preceding allegations as if fully set forth herein.

37. Prince entered into valid and binding contracts with Hui that were supported by adequate consideration. These contracts included, without limitation, the Loan Agreement, the Promissory Note, the Hui Guaranty, the Stock Pledge Agreement, and the KAYA Stock Assignment.

38. Hui breached its contracts with Prince by, among other things: (1) failing or refusing to deliver the KAYA Stock to Prince as required by the Stock Pledge Agreement; (2) failing or refusing to make Tranche A Interest Payments when they became due under the Loan Agreement and/or Hui Guaranty; (3) failing or refusing to make any Tranche A Principal Payments when they became due under the Loan Agreement and/or Hui Guaranty; (4) failing or refusing to comply with the Financial Records Obligations; (5) engaging in and/or causing KAYA to engage in Prohibited Transactions; and/or (6) otherwise pilfering and depleting KAYA's assets and cash reserves to avoid paying Tranche A Principal Payments, diminish and/or waste the value of Prince's collateral, namely the KAYA Stock.

39. Prince has fully performed his obligations pursuant to the contracts with Hui, and any conditions precedent have been satisfied.

40. Prince has suffered significant financial damages as a direct and proximate result of Hui's breaches.

**COUNT II**
**BREACH OF FIDUCIARY DUTY AGAINST HUI**

41. Prince reasserts and realleges the preceding allegations as if fully set forth herein.

42. By virtue of the Loan Agreement, Promissory Note, Hui Guaranty, Stock Pledge Agreement, KAYA Stock Assignment, and/or Prince's interest in the KAYA Stock (as a creditor and assignee), Hui owed fiduciary duties to Prince, including, but not limited to, the highest obligations of good faith, fair dealing, loyalty and due care. These duties encompassed, without limitation, obligations to: (1) make full and complete disclosure of all material facts that might affect Prince's interest in the KAYA Stock; (2) use care, skill and diligence in the performance of their and KAYA's duties and obligations; (3) fully and completely disclose Hui's intentions with respect to KAYA's business operations; and/or (4) exercise a high degree of honesty, loyalty, integrity and good faith.

43. Prince reposed trust and confidence that Hui would abide by its fiduciary duties. Hui violated and breached its fiduciary duties of care, honesty, candor, good faith and loyalty by, among other things: (1) failing or refusing to deliver the KAYA Stock to Prince as required by the Stock Pledge Agreement; (2) failing or refusing to make Tranche A Interest Payments when they became due under the Loan Agreement and/or Hui Guaranty; (3) failing or refusing to make any Tranche A Principal Payments when they became due under the Loan Agreement and/or Hui Guaranty; (4) failing or refusing to comply with the Financial Records Obligations; (5) engaging in and/or causing KAYA to engage in Prohibited Transactions; and/or (6) otherwise pilfering and depleting KAYA's assets and cash reserves to avoid paying Tranche A Principal Payments, diminish and/or waste the value of Prince's collateral, namely the KAYA Stock.

44. As a direct and proximate result of Hui's disloyal acts and omissions, as described in this Complaint, Prince has sustained significant damages, including, but not limited to the diminution of the value of his collateral, namely the KAYA Stock.

## COUNT III
## FRAUDULENT SUPPRESSION AGAINST ALL DEFENDANTS

45. Prince reasserts and realleges the preceding allegations as if fully set forth herein.

46. The Defendants suppressed certain material facts from Prince, including, but not limited to, that Hui would NOT: (1) deliver the KAYA Stock to Prince as required by the Stock Pledge Agreement; (2) make Tranche A Interest Payments when they became due under the Loan Agreement and/or Hui Guaranty; (3) make any Tranche A Principal Payments when they became due under the Loan Agreement and/or Hui Guaranty; (4) comply with the Financial Records Obligations; (5) engage in and/or cause KAYA to engage in Prohibited Transactions; and/or (6) otherwise pilfer and deplete KAYA's assets and cash reserves to avoid paying Tranche A Principal Payments, diminish and/or waste the value of Prince's collateral, namely the KAYA Stock.

47. Further, Wright and/or Russell suppressed that they intended to interfere with Prince's contracts with KAYA and Hui.

48. The Defendants owed a duty and were obligated to disclose these and other material facts to Prince.

49. The Defendants intentionally, recklessly and/or negligently suppressed these material facts from Prince between August 2017 and the date of this Complaint.

50. The Defendants' suppression of these material facts induced Prince to act or refrain from acting, including, but not limited to: (1) entering into the aforementioned contracts with KAYA and Hui; (2) forbearing exercising his rights and/or remedies for KAYA's and Hui's defaults; and/or (3) forgoing and/or postponing business opportunities. Prince reasonably relied on and acted to his detriment as a result of the Defendants' suppression.

51. The Defendants' fraudulent concealment or suppression and deceit has caused and continues to cause substantial financial loss and damages to Prince.

**COUNT IV**
**TORTIOUS INTERFERENCE WITH CONTRACTUAL RELATIONSHIPS AGAINST WRIGHT AND RUSSELL**

52. Prince reasserts and realleges the preceding allegations as if fully set forth herein.

53. Wright and Russell knew or should have known that Prince entered into the aforementioned agreements with KAYA and Hui.

54. Despite their knowledge, Wright and Russell intentionally and tortiously interfered with Prince's contractual agreements with KAYA and Hui, and knowingly and intentionally caused and/or aided KAYA and Hui to breach their contractual obligations to Prince.

55. Wright and Russell's interference with Prince's contractual and business relations was and is improper and without justification.

56. Wright and Russell's interference with Prince's contractual and business relations has caused and continues to cause substantial financial loss and damages to Prince.

**COUNT V**
**DECLARATORY JUDGMENT**

57. Prince reasserts and realleges the preceding allegations as if fully set forth herein.

58. Pursuant to Alabama's Declaratory Judgment Act, Ala. Code §§ 6-6-220, *et seq.*, Prince respectfully requests the Court to declare the rights, privileges and/or entitlements of the parties with respect to the Loan Agreement, the Promissory Note, the Hui Guaranty, the Stock Pledge Agreement, and the KAYA Stock Assignment.

59. A justiciable and bona fide controversy presently exists between the parties as to this matter and Prince is entitled to have it resolved by this Court.

**COUNT VI**
**INJUNCTIVE RELIEF**

60. Prince, pursuant to Rule 65 of the Alabama Rules of Civil Procedure, requests an immediate and temporary Order of this Court temporarily and preliminarily restraining and enjoining the Defendants from: (a) engaging in or causing KAYA to engage in any of the Prohibited Transactions; (b) engaging in or causing KAYA to engage in any acts that diminish the value of the KAYA Stock; (c) directing or causing KAYA to direct KAYA funds to themselves; (d) paying or causing KAYA to pay the Defendants' personal expenses from KAYA funds; (e) directing or causing KAYA to loan money or otherwise direct payment to third-parties and/or entities owned or controlled by the Defendants; (f) selling any KAYA assets; and (g) terminating any current KAYA personnel.

61. Unless the Defendants are restrained temporarily and preliminarily, they will continue to act unlawfully toward Prince and further diminish the value of the KAYA Stock.

62. If the Defendants continue in their unlawful conduct, Prince will suffer immediate and irreparable injury.

63. Prince has no adequate remedy at law for the Defendants' actions since the damages he will suffer are incapable of exact proof, as is the harm that the Defendants will impose upon Prince.

64. Temporary and preliminary injunctive relief is necessary to protect Prince's rights and to prevent unavoidable and irreparable injuries to him.

65. As demonstrated above, there is not only a substantial, but a real and imminent likelihood that Prince will succeed on the merits of the claims asserted herein.

66. Additionally, there is no evidence that any hardship imposed on the Defendants by granting the requested temporary and preliminary injunctive relief will unreasonably

outweigh the benefit accruing to Prince. Rather, the harm caused Prince as a result of the Defendants' actions far exceeds any alleged harm caused them as a result of any temporary and preliminary injunctive relief requested herein.

67. Upon any determination by the Court that Prince is entitled to the issuance of any temporary and/or preliminary injunctive relief sought herein, Prince will submit any requisite security necessary under Rule 65 of the Alabama Rules of Civil Procedure, as determined by the Court.

**RELIEF**

WHEREFORE, premises considered, Prince respectfully requests that the Court award the following relief incident to the claims set forth above:

1. Immediately transferring and vesting title in the KAYA Stock to Prince.

2. A temporary and preliminary injunction restraining and enjoining the Defendants from:

(a) engaging in or causing KAYA to engage in any of the Prohibited Transactions;

(b) engaging in or causing KAYA to engage in any acts that diminish the value of the KAYA Stock;

(c) directing or causing KAYA to direct KAYA funds to themselves;

(d) paying or causing KAYA to pay the Defendants' personal expenses from KAYA funds;

(e) directing or causing KAYA to loan money or otherwise direct payment to third-parties and/or entities owned or controlled by the Defendants;

(f) transferring and/or comingling KAYA's financial and accounting functions with Hui's and/or other entities owned and controlled by Hui;

(g) selling any KAYA assets; and

(h) terminating any current KAYA personnel.

2. After trial of this cause, a permanent injunction against the Defendants enjoining the conduct set forth above.

3. After trial of this cause, a judgment declaring Prince the owner of the KAYA Stock.

4. After trial of this cause, a judgment for actual damages, consequential damages, punitive and exemplary damages, statutory damages, and pre- and post-judgment interest;

5. After trial of this cause, a judgment for attorneys' and expert witness fees, court costs and all other expenses associated with the prosecution of this action; and

6. For such other and further relief to which Prince shows he is justly entitled at law or in equity.

Respectfully submitted this 14th day of February, 2020.

/s/ Benjamin L. McArthur
W. Brad English
Benjamin L. McArthur

*Attorneys for Plaintiff John Prince*

**OF COUNSEL:**

**MAYNARD, COOPER & GALE, P.C.**
655 Gallatin Street, S.W.
Huntsville, Alabama 35801
Telephone: (256) 551-0171
Facsimile: (256) 512-0119
benglish@maynardcooper.com
bmcarthur@maynardcooper.com

**VERIFICATION**

STATE OF ALABAMA )
)
COUNTY OF MADISON )

I, John Prince, being duly sworn upon oath, deposes and says: I am the Plaintiff in the above-entitled action, and the facts stated herein are true and correct to the best of my knowledge and belief.

JOHN PRINCE

Notary Public

My commission expires: 02/09/2022

DOCUMENT 9

**PLEASE SERVE THE DEFENDANTS BY PROCESS SERVER:**

Hui Huliau
c/o Adrian Silva, Registered Agent
87-164 Maliona Street
Waianae, Hawaii 96792

Deryl Wright
1500 Wandering Oaks Lane
Norman, Oklahoma 73026

Howard Russell
4205 Ivanhoe Drive
Monroeville, Pennsylvania 15146

ELECTRONICALLY FILED
2/14/2020 8:56 AM
47-CV-2020-900245.00
CIRCUIT COURT OF
MADISON COUNTY, ALABAMA
DEBRA KIZER, CLERK

# EXHIBIT A



**Robert G. Jones**
DIRECT (256) 562-1152
EMAIL rjones@maynardcooper.com

August 15, 2019

**VIA U.S. MAIL, E-MAIL AND FEDEX**
KAYA ASSOCIATES, INC.
c/o Hui Huliau
P.O. Box 587
Waianae, Honolulu County, Hawaii 96792
Attention: Howard Russell
hrussell@huihuliau.com

**VIA U.S. MAIL, E-MAIL AND FEDEX**
HUI HULIAU
P.O. Box 587
Waianae, Honolulu County, Hawaii 96792
Attention: Howard Russell
hrussell@huihuliau.com

Re: *Loan, Guaranty, and Pledge*
*Kaya Associates, Inc., and*
*Hui Huliau, Inc.*

Dear Mr. Russell:

Maynard Cooper & Gale represents John Prince. On September 6, 2017, Kaya Associates, Inc. ("Kaya"), entered into an Amended and Restated Loan and Security Agreement with Mr. Prince and delivered to Mr. Prince an Amended and Restated Promissory Note in the principal amount of $4,481,701.25. The indebtedness is divided into two tranches, Tranche A Loan and Tranche B Loan. As security for the indebtedness, as defined in the Agreement, Hui Huliau executed and delivered to Mr. Prince a Continuing Guaranty in favor of Mr. Prince guaranteeing payment of the underlying indebtedness and an Accommodation Pledge Agreement assigning and conveying to Mr. Prince all of Kaya's shares of stock.

Kaya has failed to make timely payment under the Tranche A Loan, and payment is still outstanding. Failure to make payment is an event of default under the agreement. Therefore, in accordance with the Amended and Restated Loan and Security Agreement, Mr. Prince has the right to declare the Tranche A Loan, and all liabilities arising in connection with the Tranche A Loan to be due and payable, both as to principal and interest. Additionally, pursuant to section 4.07 of the Amended and Restated Loan and Security Agreement, Mr. Prince hereby demands inspection of the current books and records of Kaya.

Further, Mr. Prince is concerned that transactions and/or distributions outside the ordinary course of Kaya's business could impair Kaya's ability to make payments due to him. Accordingly, Mr. Prince demands that Kaya, Hui and anyone acting in concert with either of them immediately cease and desist from engaging in any such transactions that could impair Mr. Prince's interests, rights or collateral.

Your respective attorneys should contact me, or my law partner Brad English, immediately to discuss the orderly resolution of this matter. If I do not hear from you before 1:00 o'clock, p.m., on August 20, 2019, Mr. Prince will be forced to consider taking further action to protect his interests.

Mr. Prince does not waive any rights or remedies and expressly reserves all rights and remedies under the loan and security agreements whether at law or equity.

Sincerely,

Robert G. Jones

Enclosure (none)
cc: Wilson, Elser, Moskowitz, Edelman & Dicker, LLP
Attn: William Behr
John Prince
Brad English



ELECTRONICALLY FILED
2/14/2020 9:13 AM
47-CV-2020-900245.00
CIRCUIT COURT OF
MADISON COUNTY, ALABAMA
DEBRA KIZER, CLERK

# EXHIBIT C

**IN THE CIRCUIT COURT OF MADISON COUNTY, ALABAMA**

| | | |
|---|---|---|
| **JOHN PRINCE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. CV-2020-900245 CEH** |
| | ) | |
| **HUI HULIAU; DERYL WRIGHT; and HOWARD RUSSELL;** | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |

**RULE 65(b) CERTIFICATION**

Pursuant to Rule 65(b) of the Alabama Rules of Civil Procedure, undersigned counsel for Plaintiff JOHN PRINCE certifies to this Court that he has attempted to notify Defendants HUI HULIAU ("Hui"), DERYL WRIGHT ("Wright"), and HOWARD RUSSELL ("Russell," and together with Hui and Wright, "Defendants") of the Plaintiff's intent to seek this Temporary Restraining Order by emailing them at their business email addresses. The Temporary Restraining Order sought by the Plaintiff is due to be granted due to the irreparable harm which Plaintiff will suffer absent injunctive relief, his clear entitlement to relief under established Alabama law and the facts and circumstances of this case, the ongoing injury and damages caused by the Defendants, and the absence of any evidence that any hardship imposed upon the Defendants will unreasonably outweigh the benefit accruing to the Plaintiff, all as set forth in the Verified Complaint.

Respectfully submitted this 14th day of February, 2020.

/s/ Benjamin L. McArthur
W. Brad English
Benjamin L. McArthur

*Attorneys for Plaintiff John Prince*

**OF COUNSEL:**

**MAYNARD, COOPER & GALE, P.C.**
655 Gallatin Street, S.W.
Huntsville, Alabama 35801
Telephone: (256) 551-0171
Facsimile: (256) 512-0119
benglish@maynardcooper.com
bmcarthur@maynardcooper.com

**PLEASE SERVE THE DEFENDANTS BY PROCESS SERVER:**

Hui Huliau
c/o Adrian Silva, Registered Agent
87-164 Maliona Street
Waianae, Hawaii 96792

Deryl Wright
1500 Wandering Oaks Lane
Norman, Oklahoma 73026

Howard Russell
4205 Ivanhoe Drive
Monroeville, Pennsylvania 15146

**IN THE CIRCUIT COURT OF MADISON COUNTY, ALABAMA**

| | | |
|---|---|---|
| PRINCE JOHN,<br>Plaintiff, | ) | |
| V. | ) | Case No.: CV-2020-900245.00 |
| HUI HULIAU,<br>WRIGHT DERYL,<br>RUSSELL HOWARD,<br>Defendants. | ) | |

PROPOSED ORDER

**TEMPORARY RESTRAINING ORDER**

On February 14, 2020, the Plaintiff filed a Verified Complaint and Request for Injunctive Relief (the "Verified Complaint") and a Motion for Temporary Restraining Order, Request for Expedited Hearing and Motion for Preliminary Injunction (the "Motion"). Considering the facts and matters alleged in the Verified Complaint and the Motion, the Court finds the requirements necessary to issue a temporary restraining order. Specifically, the Court finds that the Defendants' conduct has jeopardized — and will continue to jeopardize, if not enjoined — KAYA's ability to operate as a going concern, and Prince's ownership interest in the Company, thereby causing Plaintiff to suffer immediate and irreparable harm.

The Court finds that irreparable injury, loss or damage will result to the Plaintiff before the Defendants can be heard in opposition. The Court further finds that such temporary relief is necessary to preserve the *status quo*; will not work an inconvenience unwarrantedly or unreasonably on the Defendants; and that the Plaintiff has at least a substantial likelihood of success on the ultimate merits of the case.

It is therefore **ORDERED**, **ADJUDGED** and **DECREED** that the Defendants are enjoined from: (a) engaging in or causing KAYA to engage in any of the Prohibited Transactions[1]; (b) engaging in or causing KAYA to engage in any acts that diminish the value of the KAYA Stock; (c) directing or causing KAYA to direct KAYA funds to themselves; (d) paying or causing KAYA to pay the Defendants' personal expenses from KAYA funds; (e) directing or causing KAYA to loan money or otherwise direct payment to third-parties and/or entities owned or controlled by the Defendants; and (f) selling any KAYA assets. This Order will take effect as soon as the Plaintiff provides the bond, if required, to the Circuit Clerk of Madison County.

It is further **ORDERED**, **ADJUDGED** and **DECREED** that failure to abide by the terms of this Order constitutes contempt of Court. This Order shall terminate ten (10) days after entry in accordance with Rule 65(b) of the Alabama Rules of Civil Procedure, unless extended by further order of this Court. A preliminary injunction hearing shall be held on the 24th day of February, 2020 at 9:00 a.m. The Plaintiff is required to post a bond in the amount of $5,000.00.

PROPOSED ORDER

[1] All capitalized terms used herein shall have the same meaning ascribed in the Verified Complaint.

**DONE this[To be filled by the Judge].**

**/s/[To be filled by the Judge]**
**CIRCUIT JUDGE**