# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | | |
|---|---|---|
| **JOHN PRINCE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **CASE NO. 5:20-cv-208-LCB** |
| | ) | |
| **HUI HULIAU, ETAL.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

# INITIAL ORDER
# GOVERNING ALL FURTHER PROCEEDINGS

> ### *PLEASE TAKE NOTICE:*
>
> **All parties must thoroughly review the provisions of this order, which shall govern all proceedings in this action, unless subsequently modified by written order for good cause shown.** [1]

## I. DUTIES UNDER FEDERAL RULE OF CIVIL PROCEDURE 26(f)

Under Federal Rule of Civil Procedure 26(f), the parties are required to confer as soon as practicable to consider the nature and basis of their claims and defenses and the possibilities for promptly settling or resolving the case; to make or arrange for the disclosures required by Fed. R. Civ. P. 26(a)(1); to discuss any

---

[1] By appearing in this case and practicing in this court, each attorney or *pro se* party certifies to this court that he or she has read and is prepared to fully comply with this court's local rules. *See,* www.alnd.uscourts.gov, Local Rules and Orders.

issues about preserving discoverable information; to develop a proposed discovery plan that indicates the parties' views and proposals concerning all of the matters addressed in sub-paragraphs (1) through (4) of Fed. R. Civ. P. 26(f); and in appropriate cases, to consider whether to consent to the exercise of Magistrate Judge jurisdiction under 28 U.S.C. § 636(c). The conference must take place within thirty days of the first appearance of a defendant.

If the parties are unable to agree upon a date, time, or place for such conference, the parties are hereby **ORDERED** to meet at 10:00 a.m. on the last Friday falling within the thirty-day period in the Court's chambers. If use of the Court's chambers is required, counsel must telephone chambers at least seven days before the meeting to advise the Court. If a party is proceeding without counsel, the obligation to telephone chambers rests upon counsel for the opposing party.

## A.     Form of Report

The parties must submit a report of the parties' planning meeting, in the general format of Fed. R. Civ. P. Form 52, within fourteen days after the Rule 26(f) conference. If the parties disagree about an item addressed in the report, the parties must clearly set forth in separate paragraphs their respective positions on the disputed issue.

**The report must also contain a synopsis of the case advising the court of**

**the parties' general claims and defenses**. Except under extraordinary circumstances, counsel should be ready for trial within twelve months from the date of service of the complaint. If the parties believe that the case will take more than a year to bring to trial, the parties must justify their need for providing deadlines beyond that time.

Upon receipt of the report, the Court may enter a scheduling order without conducting a separate Rule 16(b) scheduling conference. **All deadlines not explicitly set out in the scheduling order will be strictly governed by the federal rules of civil procedure.** The parties may request a scheduling conference, however, if they believe it would be helpful.

The parties should provide the Court with all proposed deadlines included in the scheduling order template in Appendix III.

The parties' discovery plan must state the parties' views and proposals on:

1) any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced; and,

2) any issues about claims of privilege or of protection as trial-preparation materials. If the parties agree on a procedure to assert these claims after production (i.e. a "Clawback" Agreement), the report should include a statement whether they

want the court's scheduling order to adopt their agreement under Federal Rules of Evidence 502.

**B.      Compliance with HIPAA**

In accordance with the requirements of the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), Pub. L. No. 104-191, 110 Stat. 1936 (1996), and regulations promulgated thereto, when "protected health information" is relevant to the claims or defenses presented in an action, the party seeking such "protected health information" shall present a valid authorization at the Rule 26 planning meeting to be executed by the party from whom such "protected health information" is sought. The parties shall include in their report a deadline by which the authorization will be executed. The parties may file a motion for a "qualified protective order" to which all parties stipulate and e-mail a proposed "qualified protective order" to burke_chambers@alnd.uscourts.gov, contemporaneously with its filing. The proposed order should be substantially the same as the form order attached as **Appendix I** and entered by stipulation of counsel for all parties.

**C.      Suitability of Action for Alternative Dispute Resolution**

All parties should give early consideration to the possibility of settlement to avoid unnecessary costs and fees. The Court requires that the attorneys for all parties make an early analysis of the case along with their clients and be prepared to

4

discuss settlement at an early date. The parties will be **ORDERED** to mediate this case before the mediation deadline set in the Court's scheduling order. If the parties believe that mediation is unlikely to resolve this action, they may move for leave to conduct another form of alternative dispute resolution or otherwise show good cause why mediation is in this case inappropriate. Parties may also move for a court-hosted mediated-settlement conference at any stage if they believe that it would be conducive to settlement.

Each attorney is directed to immediately forward a copy of the Initial Order to his or her client. Plaintiff(s)' attorney(s) are **ORDERED** to immediately discuss the feasibility of settlement with Defendant(s)' attorney(s).

## D.      Commencement of Discovery

The parties are authorized to commence discovery pursuant to the terms of Federal Rule of Civil Procedure 26 immediately after the required report has been filed. In cases removed from state court in which any discovery requests were filed before removal, those discovery requests shall be deemed to have been made on the date that the parties' Rule 26(f) report is filed with this Court.

The parties are not required to file discovery notices, requests, or responses with the Clerk of Court. Even if a party does choose to file a discovery notice or request with the Clerk of Court, the responding party need not file its response.

**E.**     **Dismissal of Non-Served Defendants**

Any defendant who has not been served with a summons and complaint within ninety days after the complaint is filed, or within ninety days after the party was added to the action, *may be dismissed for failure to prosecute the action unless* the serving party shows good cause why service has not been perfected.

**F.**     **Hand Deliveries**

If counsel wishes to provide the Court with a courtesy copy of a motion or brief, or if an order of this Court requires submission of a copy in addition to the original, such copy shall be clearly identified as a "courtesy copy" and left in the Clerk's Office for delivery to the court's chambers. **COURTESY COPIES SHOULD BE DOUBLE SIDED.** All hand deliveries, unless otherwise instructed, are to be made to the Clerk's Office. Fax copies are not accepted.

**G.**     **Electronic Submissions**

Since January 3, 2005, the official record of the court has been the electronic docket maintained pursuant to CM/ECF. Except in extraordinary circumstances, all filings shall be consistent with the Court's Administrative Procedures Manuals for civil and criminal cases. Attorneys are required to register for electronic filing and service through the "Attorney Registration" link on the Court's website, www.alnd.uscourts.gov. Once an attorney has so registered, his or her registration

becomes permanent, and he or she is not required to re-register in each case. Documents filed through CM/ECF must be submitted as PDF file.

As part of the CM/ECF system, each court is given a chambers' email address; this Court's chambers' address is burke_chambers@alnd.uscourts.gov. Counsel may use this email address to submit proposed orders and other requested documents[2] and to otherwise communicate with the Court on **matters directly related to a case**. **Non-case-related communications should NOT be sent to the chambers email address**. Ex parte communications are forbidden: all communications to the chambers email address must show that all opposing counsel or pro se parties have been copied. Counsel should send communications to the chambers email address only if the court is being requested to do something; counsel should not copy the chambers email address on communications, arguments, debates or other matters occurring solely between counsel.

## II. ATTORNEY FEE SHIFTING CASES

If a party expects to seek an award of attorneys' fees from the opposing party pursuant to any statute or other law for any reason, other than as a sanction under the Federal Rules of Civil Procedure, that party must, as a precondition to any such award, comply with the following requirements:

---

2 Unless ordered otherwise, parties must submit proposed orders and other requested documents to the Court in Microsoft Word format.

(a)     Counsel must maintain a separate record of time with a complete and accurate accounting of all time devoted to this particular action to the nearest 1/10 of an hour, recorded contemporaneously with the time expended, for each attorney and with sufficient detail to disclose the nature of the work performed in the action (i.e., not just "research" but the specific matter being researched; not just "conference" but identity of persons conferring and general subject matter of the conference);

(b)     If a claim will be made for services performed by any person not a member of the bar, a separate time record shall be maintained for each such individual in accordance with (a) above;

(c)     Counsel is **DIRECTED** to review and verify all attorney and non-attorney time records no less than once per month;

(d)     Although the court does not require counsel to file a copy of the time records prior to a request for a fee, counsel may file with the clerk of the court either a copy of the time record referred to in (a) above, or a separately prepared document setting forth the information described in (a) above. If counsel elects to file reports, they should be filed by the 15th day of the month following the month in which the work was performed during the pendency of the case. If counsel elects to file time reports, the material filed may be filed under seal, subject to further court order, by placing the same in a sealed envelope with the case name and number along with "ATTORNEY TIME RECORDS - FILE UNDER SEAL" written thereon. However, if the material is filed under seal, then the filing party must, at the time of such filing, also file (and serve a copy on opposing parties or their counsel) a document stating the total of the hours represented by the sealed filing, allocated as to total attorney hours and total non-attorney hours included in the current filing under seal. Upon the conclusion of this case, without further order the seal will be lifted as to all attorney fee materials filed under seal; and

(e)     A Petition for Attorney Fees shall be accompanied by Counsel's Certification that  all time records are accurate; that such records were prepared contemporaneously with the performance of the work for which the fees are claimed; and that Counsel reviewed and verified all attorney and non-attorney time records no less frequently than once per month.

> **Failure to comply with the foregoing requirements will normally result in attorneys' fees being disallowed.**

## III. CASES THAT REQUIRE EEOC CHARGES

If filing a charge of discrimination with the Equal Employment Opportunity Commission or similar agency is required as a prerequisite to suit, then, at the time of filing the disclosures required by Fed. R. Civ. P. 26(a)(1), the **PLAINTIFF(S) MUST** file with the Clerk of Court: (a) a copy of all charges of discrimination filed with the EEOC and which form the bases of the action; and (b) a copy of the EEOC's response to all such charges of discrimination filed with that agency, *including* the notice of right to sue.

## IV. MOTION PRACTICE

### A.     Summary-judgment motions

All motion(s) for summary judgment filed in this action **must comply** with **all** requirements of **Appendix II.**

### B.     Motions (other than summary-judgment motions and motions to remand)

Prior to filing any motion, other than a summary-judgment motion or a motion to remand, the movant must contact the respondent and determine whether the respondent will oppose the motion. All motions must state in the caption under

the case number whether the motion is "Opposed" or "Unopposed." Opposed motions **must** include in the first paragraph an averment that the movant has conferred with the respondent and that counsel cannot agree about the disposition of the motion, a brief summary of the parties' attempts to resolve the issue(s), and the areas of agreement and disagreement.

### 1.   Motions arising out of discovery disputes

All parties must schedule a telephone conference with the Court *before* filing a motion arising out of a discovery dispute. The telephone conference must be scheduled through the Courtroom Deputy. At least **three days** before the telephone conference, the parties must **jointly** submit an e-mail to Chambers **briefly** describing the nature of the dispute.

### 2.   Deadlines and page limits

Unless otherwise indicated by the Court, the opponent's responsive brief shall be filed no later than **twenty-one days** from the filing of the motion, and any reply shall be filed no later than **fourteen days** from the date on which the opponent's responsive brief was filed. Sur-replies are not permitted without leave of court. **Failure to respond to a motion within twenty-one days will be construed as non-opposition to the motion.**

The filing of a motion to dismiss under Federal Rule of Civil Procedure

12(b)(1) or 12(b)(2) will operate as a stay of all extant scheduling-order deadlines.

Initial motions/briefs and responses shall be limited to **twenty pages**, and any reply brief is limited to **ten pages**. Failure to comply with these requirements may result in a *sua sponte* denial of the motions for failure to comply.

### 3.    Motion of Counsel to Withdraw

Once an attorney has appeared as counsel for a party, the attorney may withdraw only by filing a motion seeking permission of the Court to do so and explicitly stating the grounds for withdrawal; the Court will not permit withdrawal on the basis of a "notice to withdraw." Any motion to withdraw which, if granted, would leave a party unrepresented by counsel **must** include a certification that the moving attorney has served a copy of the motion on his or her client and has informed the client of the right to promptly file an objection with the court. The motion **must** also include the notation, "Future notice to (name of party) is to be made at the following address: (state last known address of the party)."

### 4.    Proposed Orders

All motions must be accompanied by a separate proposed order in Microsoft Word Format granting the relief requested and setting forth information sufficient to communicate the nature of the relief granted. Proposed orders may be sent directly to the Court's chambers' email address.

**5. Type Size**

All documents created by counsel for submission to the Court must be formatted in Times New Roman, 14-point type, except footnotes, which should be formatted in 12-point type.

**DONE** and **ORDERED** this February 18, 2020.

**LILES C. BURKE**
UNITED STATES DISTRICT JUDGE

# APPENDIX I

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## _____ DIVISION

| | | |
|---|---|---|
| AAA, | ) | |
| | ) | |
| Plaintiff(s), | ) | |
| | ) | |
| vs. | ) | Civil Action No. ___ |
| | ) | |
| BBB, | ) | |
| | ) | |
| Defendant(s). | ) | |

## QUALIFIED HIPAA PROTECTIVE ORDER

The Court **GRANTS** the parties the right, upon compliance with the applicable discovery provisions of the Federal Rules of Civil Procedure and the orders of this court, to obtain from any health care provider, health plan, or other entity covered by the Health Insurance Portability and Accountability Act of 1996, Pub. L. No. 104-191, 110 Stat. 1936 (1996) ("HIPAA"), any and all information relating to the past, present, or future medical condition of any individual who is a party to this action (or the decedent or ward of a party who sues in a representative capacity), as well as any and all information relating to the provision of health care to such individual and payment for the provision of such health care.

This order authorizes any third-party who is provided with a subpoena

requesting the production of documents or commanding attendance at deposition or trial to disclose the Protected Health Information in response to such request or subpoena. This order is intended to authorize such disclosures under the privacy regulations issued pursuant to HIPAA. 45 C.F.R. § 164.512(e)(1)(i).

The Court expressly prohibits the parties from using or disclosing the protected health information obtained pursuant to this order for any purpose other than this action. Further, the Court orders the parties either to return to the covered entity from whom or which such protected health information was obtained, or to destroy the protected health information (including all copies made), immediately upon conclusion of this action. See 45 C. F. R. §§ 163.502(b); 164.512(e)(1)(v).

DONE and ORDERED this _____ day of _____, _____.

_____
Liles C. Burke
U.S. District Judge

# APPENDIX II
## SUMMARY JUDGMENT REQUIREMENTS

| NOTICE |
|---|
| This exhibit contains specific, mandatory instructions regarding the preparation and submission of briefs and evidentiary materials in support of and in opposition to potentially dispositive motions. **These instructions *must* be followed explicitly**. **Except for good cause shown, briefs and evidentiary materials that do not conform to the following requirements may be stricken**. |

## SUBMISSION DATES

The parties to the above-styled action have been or will be given a deadline to file of dispositive motions. Any motion for summary judgment and supporting brief and evidentiary materials are due on or before that deadline.

To ensure that each party is afforded a full and fair opportunity to be heard, the parties *must* cause copies of briefs and evidentiary materials to be delivered to opposing parties without undue delay and, generally, on the same date such materials are submitted to the Court.

## SUBMISSIONS

The parties' submissions in support of and in opposition to summary-judgment motions must consist of: (1) a brief containing, in separately identified sections, (i) a statement of allegedly undisputed relevant material facts, and (ii) a discussion of relevant legal authorities; and (2) copies of any evidentiary materials upon which the party relies. More detailed requirements for these

submissions are explained in the following sections.

## REQUIREMENTS FOR BRIEFS

### A.  Format

Initial and response briefs are limited to thirty pages. Reply briefs are limited to ten pages. Briefs that exceed twenty pages must include a table of contents that accurately reflects the organization of the document. The table of contents is not included in the page limit. The text of briefs must be double-spaced (except for quotations exceeding fifty words, which should be block-indented from the left and right margins and single spaced) using 14-point typeface, Times New Roman.

### B.  Number Submitted

The parties must file the original brief electronically. The parties must also e-mail the brief **in Microsoft Word format** to the Court's chambers' contemporaneously with the filing of the brief. For requirements about the submission of courtesy copies of evidentiary materials, see the subsequent section.

### C.  Binding

The Clerk will **not** accept bound materials for filing, but "courtesy copies" *must be securely bound*, submitted either in a three-ring binder or with large clip. All pages submitted in the Court's "courtesy copy" shall be three-hole punched.

**D.     Manner of Stating Facts**

All briefs submitted either in support of or in opposition to a motion must begin with a statement of allegedly undisputed relevant material facts set out in *separately numbered paragraphs*. Counsel must state facts in clear, unambiguous, simple, declarative sentences. All statements of fact must be supported by specific reference to evidentiary submissions. All facts relied upon in the brief's argument section must be included in the statement of facts. The failure to include facts relied upon in argumentation may result in the Court disregarding that argument.

**1.     Moving Party's Initial Statement of Facts**

The moving party shall list in *separately numbered paragraphs* each material fact the movant contends is true and not in genuine dispute, and upon which the moving party relies to demonstrate that it is entitled to summary judgment. Each such statement must be followed by a specific reference to those portions of the evidentiary record that the movant claims supports it.[3]

**2.     Opposing Party's Statement of Facts**

Each party opposing a summary-judgment motion must also submit a statement of facts divided as follows.

---

[3] Each statement of fact should be supported by its own evidentiary citation, regardless of the fact that more than one statement of fact allegedly is supported by the same specific reference to the evidentiary record or more than one statement of fact is contained in the same numbered

### a.    Response to Movant's Statement of Facts

The first section must consist of only the non-moving party's disputes, if any, with the moving party's claimed undisputed facts. The non-moving party's response to each of the facts the moving party claims an undisputed must be listed in *separately numbered paragraphs* that correspond with those of the moving party's claimed undisputed facts. Any statements of fact that are disputed by the non-moving party must be followed by a specific reference to those portions of the evidentiary record upon which the dispute is based. *All material facts set forth in the statement required of the moving party will be deemed to be admitted for summary judgment purposes unless controverted by the response of the party opposing summary judgment.*

### b.    Additional Undisputed Facts

The second section may contain additional, allegedly undisputed facts set out in *separately numbered paragraphs* that the opposing party contends require the denial of summary judgment. The second section of the opposing party's statement of facts, if any, shall be clearly designated as such.[4] The opposing party should

---

paragraph.

[4] Each statement of fact should be supported by its own evidentiary citation, regardless of the fact that more than one statement of fact is allegedly supported by the same specific reference to the evidentiary record or more than one statement of fact is contained in the same numbered paragraph.

include only facts which the opposing party contends are true and not in genuine dispute.

### c. Additional Disputed Facts

The third section may contain additional, allegedly disputed facts set out in *separately numbered paragraphs* that the opposing party contends require the denial of summary judgment. The third section of the opposing party's statement of facts, if any, shall be clearly designated. Each statement of allegedly disputed facts must be followed by specific reference to those portions of the evidentiary record which both support and contradict the alleged fact.[5]

### 3. Moving Party's Reply

The reply submission, if any, shall consist of only the moving party's disputes, if any, with the non-moving party's additional claimed undisputed facts. The moving party's response to the non-moving party's additional claimed undisputed facts shall be in *separately numbered paragraphs* that coincide with those of the non-moving party's additional claimed undisputed facts. Any

---

[5] The court recognizes that, in some circumstances, a party opposing a motion for summary judgment may want to set out facts which that party claims are true and supported by evidence, but cannot, in good conscience and consistent with Rule 11, say are undisputed. In such case, the party should include a separate section of fact statements, set out in short declarative sentences and individually numbered paragraphs, which are supported by some evidence but are, nevertheless, in dispute. When doing so, however, the party should include record citations which both support and contradict the alleged fact.

statements of fact that are disputed by the moving party must be followed by a specific reference to those portions of the evidentiary record upon which the dispute is based. *All additional material facts set forth in the statement required of the opposing parties will be deemed to be admitted for summary judgment purposes unless controverted by the statement of the movant.*

**The court reserves the right to STRIKE *sua sponte* any statements of fact or responsive statements that fail to comply with these requirements.**

### REQUIREMENTS FOR EVIDENTIARY MATERIALS

The parties must file electronically, simultaneously with their briefs, all evidentiary materials—affidavits, exhibits, depositions, or other products of discovery—relied upon in support of or in opposition to summary-judgment motions, except those materials included in the moving party's initial evidentiary submission may be referenced by any party opposing the motion, without re-submitting additional copies of the same documents.

While the Court reserves the right to consider evidentiary materials that are not specifically referenced in the brief, no party has a right to assume the Court will consider such materials. A specific reference must include the exhibit number, page, and, when appropriate, the line number.

**A.      Organization**

Each volume of evidentiary materials must include a table of contents that includes a brief narrative description of each document included: *e.g.*, "Plaintiff's Exhibit 1, the Deposition of John Jones." For ease of citation, each affidavit, exhibit, deposition, or other product of discovery must be separately identified by a capital letter or numeral (*i.e.*, "Exhibit A" or "Exhibit 1"); and, if the exhibit contains more than one page, each page must be separately numbered.[6] **Counsel are directed to submit entire depositions, even if relying only on excerpts, including all exhibits to the depositions.**

Deposition travel transcripts that are submitted as part of the evidentiary record should include no more than four pages of deposition text per 8½" by 11" page.

## B.     Number of Sets Submitted

The parties must **electronically file** one set of evidentiary materials. The parties must simultaneously **submit** to the Clerk of Court, for delivery to the Court's chambers by the Clerk, an exact copy of the filed set of evidentiary materials, clearly identified as a "courtesy copy." Except for the binding, there must be *no differences* between the filed materials and the "courtesy copy." The courtesy copy of the

_____

[6] A reference to that exhibit in the statement of facts or brief might be, "Plaintiff's Ex. 1, p. 41." The court does not, however, require any specific form as long as specific page references are used.

evidentiary material must be a copy of the **filed** motion and must include a document number and corresponding page number on each filed page. Additionally, the evidentiary material should include a tab corresponding to each document. Regarding courtesy copies of depositions, parties shall include all exhibits to the depositions with sub-tabs, clearly labeled.

## C.     Binding

The Clerk *will not accept bound materials* for filing, but the Court's copy of the evidentiary submission *must be securely bound*, in separately numbered volumes, if necessary, for ease of use and to prevent inadvertent loss of pages.

# Appendix III

| PRETRIAL EVENT | PARTIES' PROPOSED DATES | |
|---|---|---|
| Deadline for Joinder of All Parties | | |
| Deadline to Serve Initial Written Discovery[7] | | |
| Deadline to Designate Expert Witnesses[8] | Plaintiff(s): | |
| | Defendant(s): | |
| Deadline to Amend the Pleadings (with consent of all parties or leave of Court) | Plaintiff(s): | |
| | Defendant(s): | |
| Deadline to Complete All Discovery, including depositions of expert witnesses[9] | | |
| Deadline for Parties to Conduct Mediation[10] | | |
| Deadline to File Dispositive Motions, including Motions to Exclude or Limit Expert Testimony[11] | | |

---

[7] This deadline applies to serving a first set of interrogatories, requests for production, and other written discovery, but does not limit the parties from serving further requests prior to the discovery deadline.

[8] The parties shall disclose the name, address, and curriculum vitae of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) by these deadlines. The parties must file their lists of proposed expert witnesses by the designation deadline but should **NOT** file reports or other discovery materials.

[9] Service of written discovery requests must be accomplished early enough to leave a responding party sufficient time to serve its responses before the discovery deadline.

[10] The parties are **ordered** to mediate this action by the mediation deadline. If the parties believe that mediation is unlikely to resolve this action, they may move for leave to conduct another form of alternative dispute resolution or otherwise show good cause why mediation is in this case inappropriate.

[11] **Error! Main Document Only.**The movant must file any briefs and supporting evidence with the motion for summary judgment for the submission to be deemed timely. All dispositive motions *must* comply with all requirements of the Appendix attached to the Initial Order.

| **TRACK A — *If* No Dispositive Motions are Filed:** | |
|---|---|
| Deadline to File Joint Pretrial Order, Motions in Limine, and Proposed Jury Instructions (or proposed findings of fact and conclusions of law) | |
| **TRACK B — *If* Dispositive Motions are Filed:** | |
| Deadline to File Joint Pretrial Order, Motions in Limine, and Proposed Jury Instructions (or proposed findings of fact and conclusions of law) | |
| Trial Ready | |