FILED
2020 Feb-28  AM 09:55
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| **JOHN PRINCE,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No.: 5:20-cv-00208-LCB |
| | ) |
| **HUI HULIAU; DERYL WRIGHT; and** | ) |
| **HOWARD RUSSELL,** | ) |
| | ) |
| **Defendants.** | ) |

## CONSENT INJUNCTION

Before the Court is the Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 2, the "Motion") filed by Plaintiff John Prince ("Prince") against Defendants Hui Huliau ("H2"), Deryl Wright ("Wright"), and Howard Russell ("Russell," and together with H2 and Wright, "Defendants"). On February 24, 2020, the Court conducted an evidentiary hearing on the Motion. All parties were represented by counsel at the hearing. During a break in the hearing, the parties reached agreement on the terms of a consent injunction which are specified below. The parties read their agreement into the record, and the Court made it effective immediately.

Based on the parties' agreement, as reflected in the record, pending further order by the Court, it is **ORDERED**, **ADJUDGED** and **DECREED** as follows:

1. KAYA Associates, Inc. ("KAYA") can only be charged management fees and back office charges to the extent "allowable" as that term is defined under Part 31 of the Federal Acquisition Regulation. The maximum total amount of management fees that can be charged to KAYA is $10,000 per month.

2. The Defendants shall not cause or direct KAYA to (and KAYA shall not otherwise) make any intercompany or third-party loans without Prince's consent.

3. The Defendants shall not cause or direct KAYA to (and KAYA shall not otherwise) make any personnel changes, other than for cause, without Prince's consent, which shall not be unreasonably withheld. Prior to making any personnel changes, the Defendants and KAYA shall notify Prince, who shall hold such information in strict confidence, not less than two (2) business days prior to such personnel change or action. If Prince does not object within two (2) business days, then the Defendants and KAYA can proceed with the intended change or action. If Prince objects in a timely manner, then the parties will attempt to resolve the objection. If no resolution is reached, the parties will submit the dispute to the

Court.  No disputed personnel change or action shall proceed without agreement of the parties or order from the Court.

4.  The Defendants shall deliver (or cause to be delivered) to Prince, by Monday, March 9, 2020, the KAYA Stock Certificate(s), as required by the Accommodation Pledge Agreement entered between H2 and Prince on September 6, 2017.

5.  The Defendants shall not cause or direct KAYA to (and KAYA shall not otherwise) pay anyone's personal expenses.

6.  The Defendants shall not cause or direct KAYA to (and KAYA shall not otherwise) pay any profit distributions to H2 (or anyone else) unless and until 30% of KAYA's free cash flow is paid to Prince.

7.  The Defendants shall not cause or direct KAYA to (and KAYA shall not otherwise) engage in any transactions outside the ordinary course of business without Prince's prior approval, which shall not be unreasonably withheld.

8.  This Consent Injunction shall not in any way affect the parties' rights, remedies, duties, and responsibilities under the Amended and Restated Loan and Security Agreement, dated September 6, 2017, and any related agreements.

It is further **ORDERED**, **ADJUDGED** and **DECREED** that failure to abide by the terms of this Order constitutes contempt of Court.

**DONE** and **ORDERED** February 27, 2020.

_____
**LILES C. BURKE**
UNITED STATES DISTRICT JUDGE