FILED

2020 Mar-20  PM 03:23
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | |
|---|---|
| JOHN PRINCE, | ) |
| | ) |
| Plaintiff, | ) |
| v. | )   Case No.: 5:20-cv-00208-LCB |
| | ) |
| HUI HULIAU, DERYL WRIGHT, and | ) |
| HOWARD RUSSELL, | ) |
| | ) |
| Defendants. | ) |

## DEFENDANTS' BRIEF IN SUPPORT OF MOTION FOR PARTIAL DISMISSAL OF PLAINTIFF'S COMPLAINT

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendants Hui Huliau ("H2"), Deryl Wright ("Wright") and Howard Russell ("Russell") (collectively, the "Defendants") hereby submit this brief in support of their Motion for Partial Dismissal of Plaintiff John Prince's ("Plaintiff" or "Prince") Complaint.

## FACTUAL ALLEGATIONS

Prince and others formed KAYA Associates, Inc. ("KAYA") in 2003, and Prince was the owner of 90% of KAYA's stock. (Doc. 1-1, ¶ 12). On April 29, 2016, Plaintiff entered into a Loan and Security Agreement ("Original Loan") with KAYA Associates, Inc. ("KAYA") in which Prince agreed to loan KAYA $6,389,201.25, and thereby Briefne Group, LLC ("Briefne") acquired all of KAYA's stock. (*Id.* at ¶ 15). Subsequently, on September 6, 2017, Briefne, Prince,

H2 and KAYA entered into the Transaction Agreement ("Transaction Agreement"), whereby H2 acquired all of KAYA's stock from Briefne, paid Prince $500,000.00, and following a true-up, Prince swept $1,587,928.00 from KAYA's bank account. (*Id.* at ¶ 16).   Also on September 6, 2017, KAYA and Prince entered into the Amended and Restated Loan and Security Agreement ("Amended Loan Agreement") and the Accommodation Pledge Agreement ("Stock Pledge Agreement").   (*Id.* at ¶¶ 11, 17).   The Amended Loan Agreement divides the remaining loan balance into two tranches, Tranche A in the amount of $3,287,500 and Tranche B in the amount of $1,314,201.   (*Id.*).   As part of this Amended Loan Agreement, H2 agreed to execute a Continuing Guaranty ("Continuing Guaranty"). (*Id.* at ¶ 21).

Plaintiff alleges that KAYA and H2 breached the Amended Loan Agreement, and other related agreements, by: (1) failing or refusing to deliver the KAYA stock to Prince; (2) failing or refusing to make Tranche A Interest Payments when they became due; (3) failing or refusing to make any Tranche A Principal Payments when they became due; (4) failing to comply with Financial Records Obligations; (5) engaging in and/or causing KAYA to engage in Prohibited Transactions; and (6) otherwise pilfering or depleting KAYA's assets.   (*Id.* at ¶ 38).   Plaintiff's Complaint also asserts additional causes of action including: breach of fiduciary duty (against H2); fraudulent suppression (against all Defendants); tortious interference with

contractual relationships (against Wright and Russell); and declaratory judgment. (*Id.* at ¶¶ 41-59).

## LEGAL STANDARD

A motion to dismiss tests whether the plaintiff has properly stated a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  While the Court must accept well-pleaded factual allegations and draw reasonable inferences in favor of the plaintiff, the Court need not accept the truth of legal conclusions merely because they are cast in the form of factual allegations.  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 585 (2007) (citation omitted).  Pleading a plaintiff's grounds of his entitlement to relief requires more than labels, conclusions, and a recitation of the elements of a cause of action.  *Id.* at 555.  The complaint need not set out "detailed factual allegations, but it must provide sufficient factual amplification 'to raise a right to relief above the speculative level'" and state a claim to relief that is plausible on its face.  *Wilborn v. Jones*, 761 F. App'x 908, 910 (11th Cir. 2019) (citation omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678.  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Id.* at 679 (citing Fed. R. Civ. P. 8(a)(2)).

3

## ARGUMENT

As demonstrated below, Plaintiff's Complaint should be dismissed, in part, for a variety of reasons.  First, the breach of fiduciary duty claim (Count II) fails because Plaintiff cannot establish a plausible fiduciary relationship with H2. Second, the fraudulent suppression claim (Count III) fails because (1) Defendants were under no duty to disclose; (2) the Complaint does not satisfy the particularity requirements of Rule 9(b) of the Federal Rules of Civil Procedure; and (3) the economic loss rule precludes recovery in tort when there is an adequate remedy through contract.  Lastly, the tortious interference with contractual relationships claim (Count IV) fails because Plaintiff cannot prove that Wright and Russell were "strangers" to the contracts at issue.  Accordingly, these claims are due to be dismissed with prejudice.

## I.  PLAINTIFF HAS NOT PLAUSIBLY ALLEGED BREACH OF FIDUCIARY DUTY.

Plaintiff's breach of fiduciary duty claim against H2 must fail as Plaintiff cannot establish a plausible fiduciary relationship with H2.  Plaintiff alleges that H2, "[b]y virtue of the Loan Agreement, Promissory Note, Hui Guaranty, Stock Pledge Agreement, KAYA Stock Assignment, and/or Prince's interest in the KAYA Stock" owed Plaintiff fiduciary duties of good faith, fair dealing, loyalty and due care. (Doc. 1-1, ¶ 42).  Plaintiff alleges that H2's disloyal acts and omissions caused him substantial damages.  (*Id.* at ¶ 44).  Yet Plaintiff's claim is deficient because he fails

4

to show that H2, as a party to certain contracts with Plaintiff and as guarantor to the Amended Loan Agreement, owes him a fiduciary duty.

To sufficiently plead a claim for breach of fiduciary duty under Alabama law, a plaintiff must set forth plausible facts that: (1) a fiduciary duty existed; (2) the defendant breached that fiduciary duty; and (3) that the plaintiff's damages were proximately caused by the defendant's breach. *Regions Bank v. Lowrey*, 101 So. 3d 210, 219 (Ala. 2012). "The existence of a fiduciary relationship is a question of law to be decided by the court." *Liberty Mut. Ins. Co. v. Fleet Force, Inc.*, No. 09-CV-773-CLS-NW, 2012 WL 13024378, at \*10 (N.D. Ala. June 20, 2012). A fiduciary relationship typically derives from four scenarios:

> (1) when one person places trust in the faithful integrity of another, who as a result gains superiority or influence over the first, (2) when one person assumes control and responsibility over another, (3) when one person has a duty to act for or give advice to another on matters falling within the scope of the relationship, or (4) when there is a specific relationship that has traditionally been recognized as involving fiduciary duties, as with a lawyer and a client or a stockbroker and a customer.

*Standifer v. Best Buy Stores, L.P.*, 364 F. Supp. 3d 1286, 1296 (N.D. Ala. 2019) (quoting *Aliant Bank v. Four Star Invs., Inc.*, 244 So.3d 896, 907 (Ala. 2017)). In regards to the above scenarios, confidence and reliance are the cornerstones of this analysis. *Atkins v. GE Capital Mortg. Servs., Inc.*, 993 F. Supp. 1406 (M.D. Ala. 1998) (quoting *Power Equip. Co. v. First Alabama Bank,* 585 So. 2d 1291, 1298

(Ala. 1991)).  Plaintiff cannot establish that a fiduciary relationship with H2 was formed under any of these four recognized scenarios.

### a. Plaintiff has failed to allege a relationship of trust with H2 that resulted in superiority, influence, control or advice.

Plaintiff's conclusory allegations that Plaintiff and H2 had a relationship of trust are insufficient to survive a motion to dismiss.  Generally, a confidential relationship may arise when trust and confidence are reposed by one person in another who, as a result, gains an influence or superiority over the other, and it appears there is an overmastering influence on the other.  *Power Equipment Co.,* 585 So.2d at 1297.  The Complaint merely states that "Prince reposed trust and confidence that Hui would abide by its fiduciary duty" without setting forth <u>any</u> facts supporting how this alleged confidence gave Plaintiff inferior bargaining power in this arm's-length commercial contracts transaction.  (Doc. 1-1, ¶ 43).  Both Plaintiff and H2 were sophisticated and experienced parties who were in equal positions to diligently negotiate the terms of the transaction and the nature of the Amended Loan Agreement.  Indeed, noticeably absent from Plaintiff's Complaint are any allegations that H2 had superiority or influence over Prince, that H2 assumed control over Prince, or that H2 had an obligation to act for or provide advice to Prince.  Without these additional circumstances, Plaintiff has failed to plausibly allege that he placed in H2 any type of trust or confidence beyond simply executing certain agreements so as to create a fiduciary relationship.

### b. A debtor-creditor relationship is not a fiduciary relationship traditionally recognized by law.

In fact, the purported fiduciary relationship between H2 and Plaintiff, as asserted in the Complaint, is not recognized by law. Plaintiff alleges that the purported fiduciary relationship between H2 and Plaintiff derives from certain agreements. (Doc. 1-1, ¶ 42). However, "[a]s a general rule, the mere existence of a contract does not create a fiduciary duty." *Henok v. Chase Home Fin., LLC*, 915 F. Supp. 2d 162, 168 (D.D.C. 2013); *see also Pickett v. State Farm Fire & Cas. Co.*, No. 2:18-CV-00266-RDP, 2018 WL 1609634, at *2 (N.D. Ala. Apr. 3, 2018) ("A fiduciary relationship does not exist simply by virtue of a contract between the insurer and the insured.") (internal citation omitted).

Despite Plaintiff's contentions, the Amended Loan Agreement and Continuing Guaranty do not create a fiduciary relationship between Plaintiff and H2. This is because Alabama law does not imply a fiduciary duty into debtor-creditor relationships. *Gulf States Steel, Inc. v. Lipton*, 765 F. Supp. 696, 703 (N.D. Ala. 1990), *aff'd,* 934 F.2d 1265 (11th Cir. 1991); *see also Howard v. Bank of New York Mellon*, No. CV-09-PWG-1046-S, 2009 WL 10703211, at *5 (N.D. Ala. Aug. 31, 2009), *report and recommendation adopted*, No. 2:09-CV-1046-PWG-SLB, 2009 WL 10703209 (N.D. Ala. Nov. 23, 2009) ("the traditional view is that the creditor-debtor relationship of a bank and customer . . . does not give rise to fiduciary duties nor create a confidential relationship between the parties."). Federal law similarly

recognizes that a debtor-creditor relationship, without more, does not create a fiduciary relationship. *RBS Citizens, N.A. v. Sanyou Imp., Inc.*, No. 11 C 1820, 2011 WL 2712744, at *3 (N.D. Ill. July 13, 2011) ("Whether viewed as a debtor and creditor or guarantor and creditor, no fiduciary relationship exists based on the relationship between Charter One and Yang."); (internal citation omitted); *Vill. On Canon v. Bankers Tr. Co.*, 920 F. Supp. 520, 532 (S.D.N.Y. 1996) (finding no fiduciary relationship arises from a long-standing debtor-creditor or creditor guarantor relationship as alleged in the Complaint).

In the case at bar, Prince served as the creditor to KAYA, the debtor, under the Amended Loan Agreement, to which H2 served as guarantor. (Doc. 1-1, ¶¶ 15, 17, 21). The allegations in Plaintiff's Complaint are insufficient to establish a fiduciary relationship between Plaintiff and H2 that is recognized by law. Without the existence of a fiduciary relationship, Plaintiff's breach of fiduciary duty claim fails as a matter of law and must be dismissed.

## II.   PLAINTIFF HAS NOT PLAUSIBLY ALLEGED FRAUDULENT SUPPRESSION.

Plaintiff's fraudulent suppression claim fails on multiple grounds including: (1) Plaintiff failed to establish that Defendants owed a duty to disclose certain information; (2) Plaintiff's claim lacks the requisite particularity required under Federal Rules of Civil Procedure Rule 9(b); and (3) Plaintiff's claim is barred under the economic loss rule, as there is an adequate remedy under contract law.

### a. Defendants were under no duty to disclose information to Plaintiff.

To establish a prima facie cause of action for fraudulent suppression, Plaintiff must show: (1) that the defendant had a duty to disclose material facts; (2) that the defendant concealed or failed to disclose those facts; (3) that the defendant had actual knowledge of the facts; (4) that concealment or failure to disclose induced the plaintiff to act; and (5) that the defendant's action was the proximate cause of actual harm suffered by the plaintiff. *Shutter Shop, Inc. v. Amersham Corp.*, 114 F. Supp. 2d 1218, 1225 (M.D. Ala. 2000). A party's mere silence as to material facts does not constitute fraud unless that party is under a duty to disclose, which may be established through a confidential relationship between the parties, a request for information, or the particular circumstances of the case. *Id.*; *see also Simpson v. Sto Corp.*, 951 F. Supp. 202 (M.D. Ala. 1996), *aff'd,* 145 F.3d 363 (11th Cir. 1998).

Moreover, in commercial transactions involving parties to arm's-length negotiations, the parties have no general obligation to disclose. *Simpson*, 951 F. Supp. at 206. In the absence of a fiduciary or confidential relationship, courts have discretion to consider the existence of a duty to disclose by examining the relationship of the parties, the relative knowledge of the parties, and the value of the non-disclosed information. *Id*. In dispute here are the first and third elements of a claim of fraudulent suppression.

As between H2 and Plaintiff, Alabama law has consistently held that a debtor-creditor relationship does not trigger a duty to disclose, absent a special confidential relationship. *Castleberry v. Goldome Credit Corp.*, 408 F.3d 773, 788 (11th Cir. 2005) (citing *Ex parte Ford Motor Credit Co.*, 717 So. 2d 781 (Ala. 1997)). In *Castleberry*, the Court found that the plaintiffs failed to allege that a special confidential relationship existed, and therefore the debtor-creditor relationship did not support a finding that there was a duty to disclose. *Id.* Here, Plaintiff has likewise failed to allege a special confidential relationship with H2. Accordingly, Plaintiff has not sufficiently alleged that H2 had a duty to disclose—an essential element to his fraudulent suppression claim. Furthermore, with respect to Wright and Russell, Plaintiff has failed to allege *any* facts that would create a special confidential relationship which would necessitate a duty to disclose by them. Therefore, this claim as asserted against Defendants Wright and Russell must also fail.

Even if this Court draws a reasonable inference that Defendants were under a duty to disclose the material facts detailed in Plaintiff's Complaint, that duty is limited to disclosing facts *known* to Defendants at the time of execution of an agreement. *Castleberry*, 408 F.3d at 788. Plaintiff has plead insufficient facts to establish Defendants' knowledge of facts and their materiality *prior to* the execution of the relevant agreements. Prince alleges that Defendants breached their duty to

disclose by suppressing the fact that H2 would not: (1) deliver the KAYA stock to Prince as required by the Stock Pledge Agreement; (2) make Tranche A Interest Payments when they became due under the Amended Loan Agreement and Continuing Guaranty; (3) make any Tranche A Principal Payments when they became due; (4) comply with the Financial Records Obligations; (5) engage in and/or cause KAYA to engage in Prohibited Transactions; and/or (6) otherwise pilfer and deplete KAYA's assets and cash reserves. (Doc 1-1, ¶ 46).  With all of these conclusory allegations, conspicuously absent from Plaintiff's Complaint are any allegations sufficient to establish that *prior to* the execution of the relevant agreements, any of the Defendants had any knowledge of these facts and their materiality.

In the absence of facts establishing that Defendants owed Plaintiff a duty to disclose the alleged suppressed facts and that Defendants had knowledge of those facts prior to or at the time of entering into the relevant agreements, Plaintiff's fraudulent suppression claim fails and must be dismissed.

### b. Plaintiff has failed to plead fraudulent suppression with particularity.

The Federal Rules of Civil Procedure require that allegations of fraud meet the heightened pleading standard, beyond the plausibility criteria articulated in *Twombly* and *Iqbal*.  *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1291 (11th Cir. 2010).  Pursuant to Rule 9(b), a plaintiff alleging fraudulent acts must allege:

11

"the precise statements, documents, or misrepresentations made; (2) the time, place, and person responsible for the statements; (3) the content and manner in which these statements misled the plaintiffs; and (4) what the defendants gained by the alleged fraud." *Brooks v. Blue Cross & Blue Shield of Fla., Inc.,* 116 F.3d 1364, 1380-81 (11th Cir. 1997). Additionally, the "plaintiff must allege facts with respect to each defendant's participation in the fraud." *Id*.

In his Complaint, Plaintiff vaguely alleges that all Defendants fraudulently suppressed facts related to the various contractual agreements entered into by Prince KAYA, and H2. (Doc. 1-1, ¶¶ 45-51). However, the Complaint does not allege facts sufficient to meet the heightened particularity threshold. The Complaint sets out six conclusory allegations of suppression of material facts, (*id.* at ¶ 46), but it does not point to a *single* misrepresentation or concealment that was made by a defendant with knowledge of that fact; it does not detail the time, place, and persons responsible for the alleged suppression; and it does not sufficiently state what each defendant gained by the alleged fraud as required under Rule 9(b). Even viewed in the light most favorable to Plaintiff, the Complaint has failed to allege a right to relief that is plausible on its face. For this reason, the claim must be dismissed.

### c. The economic loss rule precludes Plaintiff from recovering damages for his fraudulent suppression cause of action.

Plaintiff's claim for fraudulent suppression fails for a third reason. To support this claim, Plaintiff alleges that the fraudulent suppression claim is derived from

Defendants' purported breaches of the relevant contractual agreements, and therefore, the allegations set forth in this tort claim are ostensibly identical to the allegations that constitute the breach of contract claim.  (*Compare* Doc. 1-1, ¶ 38 *with* ¶ 46).  Thus, this claim is barred by the economic loss rule.

"The purpose of the economic loss rule is to prevent contract law from being swallowed by tort remedies."  *Tuscumbia City Sch. Sys. v. Pharmacia Corp.*, 871 F. Supp. 2d 1241, 1252 (N.D. Ala. 2012).  Under this rule, "Alabama does not recognize a tort-like cause of action for the breach of duty created by contract." *Harbin v. RoundPoint Mortg. Co.*, 2019 WL 7167588, at *5 (N.D. Ala. Nov. 6, 2019).  There is no liability in tort for economic loss caused by negligence in the performance or negotiation of a contract between parties, and where there is a contract, parties are expected to defer to the agreement instead of applying the "blunt instrument of tort law".  *S. Indep. Bank v. Fred's, Inc.*, 2019 WL 1179396 at *16 (M.D. Ala. Mar. 13, 2019).  Plaintiff's purported damages as a result of Defendants' alleged suppression of material facts all relate to performance under contractual agreements.   As Plaintiff has remedies available to him under the relevant contractual agreements, he is barred from recovering damages under tort law and this claim must be dismissed.

## III.    PLAINTIFF FAILS TO SUFFICIENTLY PLEAD HIS CLAIM FOR TORTIOUS INTERFERENCE WITH CONTRACTUAL RELATIONS.

Plaintiff's tortious interference claim against Wright and Russell is fatally flawed in that Plaintiff failed to allege and cannot prove that Wright and Russell are "strangers" to the relevant contractual agreements, as required by Alabama law. Plaintiff alleges that Wright and Russell knew or should have known that Plaintiff, H2, and KAYA entered into contractual agreements, and that Wright and Russell intentionally and tortiously interfered with the contractual agreements thereby knowingly causing H2 to breach its contractual obligation.  (Doc. 1-1,  ¶ 53-54). However, these allegations are insufficient to survive a motion to dismiss.

The Alabama Supreme Court has held that to establish a claim for tortious interference with contractual relations, a plaintiff must prove: "(1) the existence of an enforceable contract; (2) of which the defendant knew; (3) to which the defendant was a stranger; (4) with which the defendant intentionally interfered; and (5) damage." *Glenn Const. Co., LLC v. Bell Aerospace Servs., Inc.*, 785 F. Supp. 2d 1258, 1279 (M.D. Ala. 2011).  The Alabama Supreme Court has addressed the "stranger" requirement, noting that, while a defendant need not be a signatory to the relevant contracts, a defendant is a party in interest to the relationship "if the defendant has any beneficial or economic interest in, or control over, that relationship." *Harris v. ACCC Ins. Co.*, No. 2:16-CV-636-TFM, 2016 WL 6986637, at \*5 (M.D. Ala. Nov. 28, 2016) (citing *Walter Energy, Inc. v. Audley Capital*

14

*Advisors LLP*, 176 So. 3d 821, 827 (Ala. 2015).  The Alabama Supreme Court adopted the term "participant" for "an individual or entity who is not a party, but who is essential, to the allegedly injured relationship" and recognized that participants cannot be described as strangers.  *Id.*  Moreover, the Eleventh Circuit has recognized four circumstances in which a defendant is not a stranger to a contract:

> (1) the defendant is an essential entity to the purported injured relations; (2) the allegedly injured relations are inextricably a part of or dependent upon the defendant's contractual or business relations; (3) the defendant would benefit economically from the alleged injured relations; or (4) both the defendant and the plaintiff are parties to a comprehensive interwoven set of contract or relations.

*MAC E., LLC v. Shoney's*, 535 F.3d 1293, 1297 (11th Cir. 2008).

The Eleventh Circuit and Alabama courts have also unequivocally recognized that agents or employees of a contracting party *cannot* be strangers to the relevant contracts.  *Johnson v. Wellborn*, 418 F. App'x 809, 816 (11th Cir. 2011) (explaining "to state a tortious interference claim, the interfering defendant must be a third party and a stranger to the business relationship; an employee or agent acting on behalf of a contracting party's interests cannot be liable."); *Turner v. Am. Fed'n of Teachers Local 1565*, 138 F.3d 878, 884 (11th Cir. 1998) (district court granting summary judgment on tortious interference with contract claim against individual defendants finding they were not strangers because they were agents of the employer); *Camp v. Corr. Med. Servs., Inc*, 668 F. Supp. 2d 1338, 1361 (M.D. Ala. 2009) ("Thus, as

agents of the ADOC, the ADOC defendants were not 'strangers'; to Plaintiffs' employment relationship with CMS."); *Parsons & Whittemore Enterprises Corp. v. Cello Energy, LLC*, 613 F. Supp. 2d 1271, 1282 (S.D. Ala. 2009) (a defendant is not a stranger to a contract if the alleged interferer was an agent of the contracting party); *Allied Co. of Wiregrass v. City of Dothan*, 191 So. 3d 804, 810 (Ala. Civ. App. 2015) (defendant city employees were not strangers to a contract between the city and plaintiff).

Plaintiff alleges that Wright and Russell are the Chief Executive Officer and Chief Financial Officer for H2, respectively.  (Doc. 1-1, ¶¶ 3-4).  Plaintiff cannot dispute that Wright and Russell are agents and employees of H2, which owns KAYA.  Furthermore, Wright and Russell, as executives of H2, undoubtedly have a beneficial or economical interest and control over the contracts at issue.  Thus, Wright and Russell cannot be strangers to any contract to which H2 or KAYA is a party.  Accordingly, Plaintiff's tortious interference with contractual relationships claim must be dismissed as a result.

## <u>CONCLUSION</u>

For the reasons stated above, Defendants respectfully request that the Court enter an Order granting their Motion for Partial Dismissal of Plaintiff's Complaint and dismiss, with prejudice, Plaintiff's claims for breach of fiduciary duty (Count II), fraudulent suppression (Count III), and tortious interference with contractual relationships (Count IV), against respective Defendants.


[INTENTIONALLY LEFT BLANK]

*S/Lauren A. Smith*
Lauren A. Smith (ASB-0432-E48S)
C. Gregory Burgess (ASB-1519-R79C)
Stephanie M. Gushlaw (ASB-1050-F67A)

**Attorneys for defendants Hui Huliau, Deryl Wright, and Howard Russell**

**OF COUNSEL:**

**LANIER FORD SHAVER & PAYNE P.C.**
Post Office Box 2087
Huntsville, Alabama 35804
Telephone Number: (256) 535-1100
Facsimile Number: (256) 533-9322
Email:  las@lanierford.com
         cgb@lanierford.com
         smg@lanierford.com


**PARKER POE ADAMS & BERNSTEIN LLP**
Three Wells Fargo Center
401 South Tryon Street, Suite 3000
Charlotte, NC 28202

Brian K. Parker (Pennsylvania Bar #69076; New York Bar #3991197; New Jersey Bar #0056916; D.C. Bar #474283; North Carolina Bar #50012) *admitted pro hac vice*
Telephone Number: (704) 335-9847
Facsimile Number: (704) 334-4706
Email: brianparker@parkerpoe.com

Eric A. Frick (North Carolina Bar #49212) *admitted pro hac vice*
Telephone Number: (704) 335-9083
Facsimile Number: (704) 334-4706
Email: ericfrick@parkerpoe.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 20th day of March, 2020, I electronically filed the foregoing with Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

BRAD ENGLISH
BENJAMIN L. MCARTHUR
**MAYNARD, COOPER & GALE, P.C.**
655 Gallatin Street, S.W.
Huntsville, Alabama 35801
Telephone Number: (256) 551-0171
Email: benglish@maynardcooper.com
bmcarthur@maynardcooper.com

*S/Lauren A. Smith*
Lauren A. Smith