

FILED
2020 May-26 PM 04:10
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| JOHN PRINCE, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>HUI HULIAU, DERYL WRIGHT, and )<br>HOWARD RUSSELL, )<br>)<br>Defendants. ) | Case No.: 5:20-cv-00208-LCB |

## MOTION TO DISMISS AMENDED COMPLAINT BY DEFENDANTS
## HUI HULIAU, DERYL WRIGHT, AND HOWARD RUSSELL

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, defendants Hui Huliau ("Hui Huliau"), Deryl Wright ("Wright"), and Howard Russell ("Russell (collectively, "defendants") move the Court for a dismissal of plaintiff's causes of action for breach of fiduciary duty, fraudulent suppression, and tortious interference with contractual relationships contained in plaintiff's amended complaint for failure to state a claim for relief and for dismissal for failure to join an indispensable party. In support of their motion, defendants rely upon each of the following items: plaintiff's amended complaint, the supporting brief filed contemporaneously with this motion, and all applicable procedural and substantive laws. As grounds, defendants state:

1. Plaintiff filed a complaint in this case against Hui Huliau, Wright, and Russell on February 14, 2020 in the Circuit Court of Madison County, Alabama. (Doc. 1-1). That same day, defendants removed the case to this Court. (Doc. 1).

2. On March 20, 2020, defendants Hui Huliau, Wright, and Russell filed a partial motion to dismiss. (Doc. 19).

3. On May 4, 2020, plaintiff filed an amended complaint adding 4P Management, Inc. as a defendant. (Doc. 29). 4P Management, Inc. has not yet been served.

4. On May 15, 2020, the Count entered an order directing defendants to file an amended motion to dismiss directed at the amended complaint. (Doc. 33).

5. Defendants move for partial dismissal of plaintiff's amended complaint for failure to state a claim upon which relief can be granted pursuant to rule 12(b)(6) and failure to join an indispensable party under rule 12(b)(7) of the Federal Rules of Civil Procedure.

6. A motion to dismiss for failure to state a claim tests whether the plaintiff has properly stated a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).

7. While the Court must accept well-pleaded factual allegations and draw reasonable inferences in favor of the plaintiff, the Court need not accept the truth of

legal conclusions merely because they are cast in the form of factual allegations. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 585 (2007) (citation omitted).

8. Plaintiff's breach of fiduciary duty claim (Count II) should be dismissed because plaintiff cannot establish a plausible fiduciary relationship with Hui Huliau or 4P.

9. Plaintiff's fraudulent suppression claim (Count III) should be dismissed because: (1) defendants were under no duty to disclose; (2) plaintiff's amended complaint does not satisfy the particularity requirements of Rule 9(b) of the Federal Rules of Civil Procedure; and (3) the economic loss rule precludes recovery in tort when there is an adequate remedy through contract.

10. Plaintiff's tortious interference with contractual relationships claim (Count IV) should be dismissed because plaintiff cannot prove that Wright, Russell, and 4P were "strangers" to the contracts at issue.

11. A motion to dismiss for failure to join an indispensable party tests whether joinder of a necessary party will destroy the Court's subject matter jurisdiction. Fed. R. Civ. P 12(b)(7); 19(a)(1).

12. Plaintiff has failed to join KAYA Associates, Inc. ("KAYA"), an Alabama corporation, to this lawsuit. KAYA is indispensable because it claims an interest relating to the subject of this lawsuit and adjudicating the lawsuit in KAYA's absence may, as a practical matter, impair its ability to protect its interests. Since

KAYA is organized under the laws of the State of Alabama, its joinder will destroy complete diversity. See 28 U.S.C. § 1332(a).

**WHEREFORE,** defendants respectfully request that the Court enter an order granting this motion and dismissing, with prejudice, plaintiff's claims for breach of fiduciary duty (Count II), fraudulent suppression (Count III), and tortious interference with contractual relationships (Count IV) and dismissing the remaining claims without prejudice for failure to join an indispensable party.

*S/Lauren A. Smith*
Lauren A. Smith (ASB-0432-E48S)
C. Gregory Burgess (ASB-1519-R79C)
Stephanie M. Gushlaw (ASB-1050-F67A)

**Attorneys for defendants Hui Huliau, Deryl Wright, and Howard Russell**

**OF COUNSEL:**

**LANIER FORD SHAVER & PAYNE P.C.**
Post Office Box 2087
Huntsville, Alabama 35804
Telephone Number: (256) 535-1100
Facsimile Number: (256) 533-9322
Email:  las@lanierford.com
           cgb@lanierford.com
           smg@lanierford.com

## CERTIFICATE OF SERVICE

  I hereby certify that on the 26th day of May, 2020, I electronically filed the foregoing with Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

BRAD ENGLISH
BENJAMIN L. MCARTHUR
**MAYNARD, COOPER & GALE, P.C.**
655 Gallatin Street, S.W.
Huntsville, Alabama 35801
Telephone Number: (256) 551-0171
Email: benglish@maynardcooper.com
   bmcarthur@maynardcooper.com

            *S/Lauren A. Smith*
            Lauren A. Smith