

FILED

2020 Aug-21  PM 03:10
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | | |
|---|---|---|
| **JOHN PRINCE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **Case No.: 5:20-cv-00208-LCB** |
| **HUI HULIAU, DERYL WRIGHT,** | ) | |
| **HOWARD RUSSELL, and** | ) | |
| **4P MANAGEMENT COMPANY, LLC,** | ) | |
| | ) | |
| **Defendants.** | ) | |

| | | |
|---|---|---|
| **HUI HULIAU,** | ) | |
| | ) | |
| **Counterclaim and Third-Party** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **JOHN PRINCE,** | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| **Counterclaim Defendant,** | ) | |
| | ) | |
| **BRENDAN PRINCE, and** | ) | |
| **STEVEN JOHNSON,** | ) | |
| | ) | |
| **Third-Party Defendants.** | ) | |

## <u>JOHN PRINCE'S ANSWER TO COUNTERCLAIM AND</u> <u>BRENDAN PRINCE'S AND STEVEN JOHNSON'S</u> <u>ANSWER TO THIRD-PARTY COMPLAINT</u>

COME NOW Plaintiff/Counterclaim Defendant John Prince ("<u>J. Prince</u>"), and Third-Party Defendants Brendan Prince ("<u>B. Prince</u>") and Steven Johnson ("<u>Johnson</u>," and together with J. Prince and B. Prince, the "<u>Counterclaim Defendants</u>"), in the above-styled case and make the following Answer to the Counterclaim and Third-Party Complaint ("<u>Counterclaim</u>," doc. 61 at pp. 14-36) filed by Defendant/Counterclaim Plaintiff/Third-Party Plaintiff Hui Huliau ("<u>HH</u>").  In support thereof, the Counterclaim Defendants show the Court as follows:

### PARTIES

1.      Upon information and belief, admitted.

2.      Admitted.

3.      Admitted.

4.      Admitted.

## JURISDICTION AND VENUE

5.      The allegations of this paragraph are legal conclusions, requiring no response.  To the extent this paragraph contains any factual allegations, Counterclaim Defendants admit that this Court has subject matter jurisdiction over this action.

6.      The allegations of this paragraph are legal conclusions, requiring no response.  To the extent this paragraph contains any factual allegations, Counterclaim Defendants admit that J. Prince is subject to the personal jurisdiction of this Court.

7.      The allegations of this paragraph are legal conclusions, requiring no response.  To the extent this paragraph contains any factual allegations, Counterclaim Defendants admit that B. Prince is subject to the personal jurisdiction of this Court.

8.      The allegations of this paragraph are legal conclusions, requiring no response.  To the extent this paragraph contains any factual allegations, Counterclaim Defendants admit: Johnson was employed by KAYA, an Alabama company headquartered in Alabama; Johnson traveled to Alabama for business purposes; Johnson submitted a declaration to the Court in connection with this lawsuit; Johnson attended the February 24, 2020 hearing in response to a

subpoena.  Counterclaim Defendants deny the remaining factual allegations of this paragraph.

9.      The allegations of this paragraph are legal conclusions, requiring no response.  To the extent this paragraph contains any factual allegations, Counterclaim Defendants admit that venue is proper in this Court.

**FACTUAL ALLEGATIONS**
**Background on Hui Huliau and KAYA**

10.      Upon information and belief, admitted.

11.      Counterclaim Defendants deny that HH currently operates KAYA Associates, Inc. ("<u>KAYA</u>").  Counterclaim Defendants deny that KAYA is a wholly-owned subsidiary of HH.  Counterclaim Defendants lack sufficient information to admit or deny the remaining factual allegations of this paragraph, and therefore deny them.

12.      Admitted.

13.      Admitted.

14.      Upon information and belief, admitted.

**Sale of KAYA to Breifne**

15.     Admitted.

16.     Counterclaim Defendants deny that J. Prince remained involved in the operations and control of KAYA at all times after Breifne Group, LLC ("Breifne") acquired KAYA's capital stock in April 2016.  Counterclaim Defendants deny the remaining allegations of this paragraph.

17.     Without waiver of any privilege, including without limitation, the attorney-client privilege, consulting expert privilege and/or the work product doctrine, Counterclaim Defendants admit that, at some point in time after Breifne's acquisition of KAYA's capital stock, J. Prince learned that KAYA's approximately $6.4 million indebtedness to him impacted KAYA's valuation as measured by the 2015 valuation.  Counterclaim Defendants lack sufficient information to admit or deny the remaining factual allegations of this paragraph, and therefore deny them.

18.     Denied.

**Sale of KAYA to Hui Huliau**

19.     Denied.

20.      The allegations of this paragraph are legal conclusions, requiring no response.  To the extent this paragraph contains any factual allegations,

Counterclaim Defendants admit that they loosely describe the types of 8(a) benefits conferred on Native Hawaiian Organizations and their subsidiaries.  Counterclaim Defendants deny the remaining factual allegations of this paragraph.

21.    Counterclaim Defendants lack sufficient information to admit or deny the factual allegations of this paragraph, and therefore deny them.

22.    Counterclaim Defendants admit that, in or around July 2017, J. Prince and Howard Russell ("Russell") began having discussions about HH purchasing KAYA.  Counterclaim Defendants deny the remaining factual allegations of this paragraph.

23.    Counterclaim Defendants deny that J. Prince made any representations, promises or commitments to HH that were not specifically set forth in the Transaction Agreement ("Transaction Agreement," doc. 24-2) entered on September 6, 2017, which provided in pertinent part as follows:

> 9.4  Entire Agreement.  This Agreement contains the entire agreement between the Parties, and supersedes any prior written or oral agreement between the Parties concerning the subject matter contained in this Agreement. There are no representations, agreements, arrangements or understandings, oral or written between and among the Parties, relating to the subject matter contained in this Agreement, which are not fully expressed herein.

Counterclaim Defendants further deny that Prince made any of the specific representations, promises or commitments alleged in this paragraph. Counterclaim Defendants lack sufficient information to admit or deny the remaining factual allegations of this paragraph, and therefore deny them.

24.     Counterclaim Defendants deny that J. Prince made any representations, promises or commitments to HH that were not specifically set forth in the Transaction Agreement, including any promises to assist KAYA or any other HH-related entity to develop business. Counterclaim Defendants deny the remaining factual allegations of this paragraph.

25.     Counterclaim Defendants admit that HH received a valuation of KAYA from 2015 that pre-dated KAYA's approximately $6.4 million indebtedness to J. Prince. Counterclaim Defendants deny that J. Prince failed to disclose KAYA's approximately $6.4 million indebtedness to him, which impacted KAYA's valuation. Counterclaim Defendants lack sufficient information to admit or deny the remaining factual allegations of this paragraph, and therefore deny them.

26.     Counterclaim Defendants admit that HH obtained KAYA's financials during the course of HH's evaluation of its acquisition of the company. Counterclaim Defendants deny the remaining allegations of this paragraph.

27.     Counterclaim Defendants deny that HH relied on any representations, promises or commitments that were not specifically set forth in the Transaction Agreement, including those set forth in this paragraph.  Counterclaim Defendants lack sufficient information to admit or deny the remaining factual allegations of this paragraph, and therefore deny them.

28.     Counterclaim Defendants admit that KAYA was to provide back-office support.  Counterclaim Defendants deny the remaining allegations of this paragraph.

29.     Denied.

30.     Denied.

31.     Admitted.

32.     Counterclaim Defendants admit that J. Prince agreed to restructure KAYA's indebtedness to him in connection with HH's acquisition of KAYA. Counterclaim Defendants deny the remaining allegations of this paragraph.

33.     Counterclaim Defendants admit that the Loan Agreement (doc. 24-5) divided KAYA's indebtedness to J. Prince into two tranches, Tranche A and Tranche B.  Tranche A was for $3,287,500.00, while Tranche B was for $1,314,201.00.  (Loan Agreement at § 1.01.)  Counterclaim Defendants state that

8

the Loan Agreement speaks for itself, and deny any factual allegations in this paragraph that contradict the document's plain language.  Counterclaim Defendants deny the remaining factual allegations of this paragraph.

34.     Admitted.

## KAYA's Key Personnel

35.     Counterclaim Defendants admit that Johnson served as KAYA's President from January 2017 to February 2020.  Counterclaim Defendants deny the remaining allegations of this paragraph.

36.     The allegations of this paragraph are legal conclusions, requiring no response.  To the extent this paragraph contains any factual allegations, Counterclaim Defendants admit that Johnson was involved in decisions regarding how to categorize allowable and unallowable costs.  Counterclaim Defendants admit that those decisions complied with government regulations.  Counterclaim Defendants deny the remaining factual allegations of this paragraph.

37.     Counterclaim Defendants admit that Johnson served as KAYA's President in 2017, 2018, and 2019.  Counterclaim Defendants deny the remaining allegations of this paragraph.

38.     Denied.

39.    Denied.

40.    Counterclaim Defendants admit that Johnson requested that KAYA renew its Deltek licenses for 2020 in preparation for continuing to effectively perform accounting functions.  Counterclaim Defendants further state that Johnson did not have the authority to make the decision nor did he sign the agreement, which was executed by the HH executive management team.  Counterclaim Defendants deny the remaining allegations of this paragraph.

41.    Denied.

42.    Denied.

43.    Counterclaim Defendants admit that B. Prince is J. Prince's son. Counterclaim Defendants admit that B. Prince served as KAYA's General Counsel prior to HH's acquisition of KAYA.  Counterclaim Defendants admit that B. Prince served as HH's General Counsel in a limited capacity after HH acquired KAYA.  Counterclaim Defendants admit that B. Prince resigned his role as HH's General Counsel.  Counterclaim Defendants deny the remaining allegations of this paragraph.

44.    Counterclaim Defendants admit that B. Prince provided J. Prince with information that J. Prince needed to assist KAYA following the acquisition, with

the Defendants' full knowledge.  Counterclaim Defendants deny the remaining allegations of this paragraph.

45.    Denied.

46.    Denied.

47.    Denied.

48.    Denied.

## Involvement of Maynard Cooper & Gale, P.C.

49.    Admitted.

50.    Counterclaim Defendants admit that J. Prince and KAYA executed a conflict waiver in connection with Maynard Cooper & Gale, P.C.'s ("Maynard") representation of them.  Counterclaim Defendants state that the document speaks for itself, and deny any factual allegations in this paragraph that contradict the document's plain language.  Counterclaim Defendants deny the remaining factual allegations of this paragraph.

51.    Counterclaim Defendants admit that J. Prince and B. Prince discussed with a Maynard attorney the Bering Straits Claim, as that term is defined in the

Transaction Agreement (doc. 24-2 at § 10.1, "<u>Bering Straits Claim</u>").

Counterclaim Defendants deny the remaining factual allegations of this paragraph.

**Subordination Agreement with Regions Bank**

52.     Counterclaim Defendants admit that, on May 11, 2016, Prince executed a subordination agreement in favor of Regions Bank related to KAYA's line of credit (the "Subordination Agreement").  Counterclaim Defendants deny the remaining factual allegations of this paragraph.

53.     The allegations of this paragraph are legal conclusions, requiring no response.  To the extent this paragraph contains any factual allegations, Counterclaim Defendants state that the Subordination Agreement speaks for itself, and deny any factual allegations in this paragraph that contradict the document's plain language.  Counterclaim Defendants deny the remaining factual allegations of this paragraph.

54.     The allegations of this paragraph are legal conclusions, requiring no response.  To the extent this paragraph contains any factual allegations, Counterclaim Defendants state that the referenced document speaks for itself, and deny any factual allegations in this paragraph that contradict the document's plain language.  Counterclaim Defendants deny the remaining factual allegations of this paragraph.

55.     Denied.

56.     Denied.

57.     Admitted.

58.     Counterclaim Defendants admit that J. Prince received a letter from Regions Bank's outside counsel on April 16, 2020, which speaks for itself. Counterclaim Defendants deny any factual allegations in this paragraph that contradict the document's plain language.  Counterclaim Defendants deny the remaining factual allegations of this paragraph.

59.      Counterclaim Defendants lack sufficient information to admit or deny the factual allegations of this paragraph, and therefore deny them.

## Current Status of KAYA

60.     Counterclaim Defendants lack sufficient information to admit or deny the factual allegations of this paragraph, and therefore deny them.

61.     Denied.

62.     Denied.

**Improper Solicitation of KAYA Employees by Prince**

63.    Denied.

64.    Denied.

65.    Denied.

66.    Admitted.

67.    Counterclaim Defendants state that the HH's use of the terms "managed contracts" and "maintained relationships" are too imprecise to permit a meaningful response.  Counterclaim Defendants admit that Morriss interacted with personnel for KAYA's customers during his employment at KAYA.  Counterclaim Defendants deny that Morriss was responsible for cultivating or overseeing relationships with KAYA's customers.   Counterclaim Defendants admit that Morriss is the Compliance Director for PAK Legacy Community Development Corporation ("CDC").  Counterclaim Defendants deny the remaining factual allegations of this paragraph.

68.    The allegations of this paragraph are legal conclusions, requiring no response.  To the extent this paragraph contains any factual allegations, Counterclaim Defendants state that the Transaction Agreement speaks for itself, and deny any factual allegations in this paragraph that contradict the document's

plain language.  Counterclaim Defendants deny the remaining factual allegations of this paragraph.

69.     Denied.

70.     Counterclaim Defendants lack sufficient information to admit or deny the factual allegations of this paragraph, and therefore deny them.

## COUNT I – PRINCE
## BREACH OF CONTRACT

71.     Counterclaim Defendants adopt and incorporate by reference each and every response contained in the preceding paragraphs as if fully set forth herein.

72.     Admitted.

73.     Denied.

74.     Denied.

75.     Denied.

76.     Denied.

The unnumbered paragraph beginning with "WHEREFORE" following Paragraph 76 of the Counterclaim does not contain factual allegations to which a response is required.  To the extent a response by Counterclaim Defendants is

deemed necessary, they deny that HH is entitled to judgment in its favor or any of the relief requested, including subparagraphs (a), (b), (c), (d), and (e), and Counterclaim Defendants further deny that HH is entitled to any of the relief requested in the Counterclaim.

## COUNT II – PRINCE
## BREACH OF CONTRACT

77.    Counterclaim Defendants adopt and incorporate by reference each and every response contained in the preceding paragraphs as if fully set forth herein.

78.    Admitted.

79.    Denied.

80.    Denied.

81.    Denied.

82.    Denied.

The unnumbered paragraph beginning with "WHEREFORE" following Paragraph 82 of the Counterclaim does not contain factual allegations to which a response is required.  To the extent a response by Counterclaim Defendants is deemed necessary, they deny that HH is entitled to judgment in its favor or any of the relief requested, including subparagraphs (a), (b), (c), (d), and (e), and

Counterclaim Defendants further deny that HH is entitled to any of the relief requested in the Counterclaim.

## (SECOND) COUNT II – PRINCE
## FRAUDULENT INDUCEMENT

83.     Counterclaim Defendants adopt and incorporate by reference each and every response contained in the preceding paragraphs as if fully set forth herein.

84.     Denied.

85.     Denied.

86.     The allegations of this paragraph are legal conclusions, requiring no response.  To the extent this paragraph contains any factual allegations, Counterclaim Defendants state that Prince provided accurate information to HH. Counterclaim Defendants deny the remaining factual allegations of this paragraph.

87.     Denied.

88.     Denied.

89.     Denied.

90.     Denied.

91.     Denied.

The unnumbered paragraph beginning with "WHEREFORE" following Paragraph 91 of the Counterclaim does not contain factual allegations to which a response is required.  To the extent a response by Counterclaim Defendants is deemed necessary, they deny that HH is entitled to judgment in its favor or any of the relief requested, including subparagraphs (a), (b), (c), (d), and (e), and Counterclaim Defendants further deny that HH is entitled to any of the relief requested in the Counterclaim.

## COUNT III – PRINCE
### SETOFF

92.     Counterclaim Defendants adopt and incorporate by reference each and every response contained in the preceding paragraphs as if fully set forth herein.

93.     Denied.

The unnumbered paragraph beginning with "WHEREFORE" following Paragraph 93 of the Counterclaim does not contain factual allegations to which a response is required.  To the extent a response by Counterclaim Defendants is deemed necessary, they deny that HH is entitled to judgment in its favor or any of the relief requested, including subparagraphs (a), (b), (c), and (d), and Counterclaim Defendants further deny that HH is entitled to any of the relief requested in the Counterclaim.

18

## COUNT IV – PRINCE, JOHNSON, BRENDAN PRINCE
## VIOLATION OF THE ALABAMA TRADE SECRETS ACT

94.     Counterclaim Defendants adopt and incorporate by reference each and every response contained in the preceding paragraphs as if fully set forth herein.

95.     Denied.

96.     Denied.

97.     The allegations of this paragraph are legal conclusions, requiring no response.  To the extent this paragraph contains any factual allegations, Counterclaim Defendants state that Prince provided accurate information to HH.

98.     Denied.

99.     Denied.

100.    Denied.

101.    Denied.

The unnumbered paragraph beginning with "WHEREFORE" following Paragraph 101 of the Counterclaim does not contain factual allegations to which a response is required.  To the extent a response by Counterclaim Defendants is deemed necessary, they deny that HH is entitled to judgment in its favor or any of

19

the relief requested, including subparagraphs (a), (b), (c), (d), and (e), and

Counterclaim Defendants further deny that HH is entitled to any of the relief

requested in the Counterclaim.

### COUNT V – JOHNSON, BRENDAN PRINCE
### BREACH OF FIDUCIARY DUTY

102.   Counterclaim Defendants adopt and incorporate by reference each and

every response contained in the preceding paragraphs as if fully set forth herein.

103.   The allegations of this paragraph are legal conclusions, requiring no

response.  To the extent this paragraph contains any factual allegations,

Counterclaim Defendants deny that Johnson was an officer of HH.  Counterclaim

Defendants deny that Johnson or B. Prince violated any fiduciary duties owed to

HH.  Counterclaim Defendants deny the remaining allegations of this paragraph.

104.   Denied.

105.   Denied.

The unnumbered paragraph beginning with "WHEREFORE" following

Paragraph 105 of the Counterclaim does not contain factual allegations to which a

response is required.  To the extent a response by Counterclaim Defendants is

deemed necessary, they deny that HH is entitled to judgment in its favor or any of

the relief requested, including subparagraphs (a), (b), (c), and (d) , and Counterclaim Defendants further deny that HH is entitled to any of the relief requested in the Counterclaim.

## COUNT VI – PRINCE
## FRAUDULENT SUPRRESSION

106.   Counterclaim Defendants adopt and incorporate by reference each and every response contained in the preceding paragraphs as if fully set forth herein.

107.   Denied.

108.   The allegations of this paragraph are legal conclusions, requiring no response.  To the extent this paragraph contains any factual allegations, Counterclaim Defendants deny that Prince fraudulently suppressed any material facts that he was obligated to disclose to HH.

109.   Denied.

110.   Denied.

111.   Denied.

The unnumbered paragraph beginning with "WHEREFORE" following Paragraph 111 of the Counterclaim does not contain factual allegations to which a response is required.  To the extent a response by Counterclaim Defendants is

deemed necessary, they deny that HH is entitled to judgment in its favor or any of the relief requested, including subparagraphs (a), (b), (c), and (d), and Counterclaim Defendants further deny that HH is entitled to any of the relief requested in the Counterclaim.

**COUNT VII**
**FRAUD**

112.   Counterclaim Defendants adopt and incorporate by reference each and every response contained in the preceding paragraphs as if fully set forth herein.

113.   Counterclaim Defendants admit that HH obtained KAYA's financials during the course of HH's evaluation of its acquisition of the company. Counterclaim Defendants deny the remaining allegations of this paragraph.

114.   Denied.

115.   Denied.

116.   Denied.

117.   Denied.

118.   Denied.

The unnumbered paragraph beginning with "WHEREFORE" following Paragraph 118 of the Counterclaim does not contain factual allegations to which a response is required.  To the extent a response by Counterclaim Defendants is deemed necessary, they deny that HH is entitled to judgment in its favor or any of the relief requested, including subparagraphs (a), (b), (c), and (d), and Counterclaim Defendants further deny that HH is entitled to any of the relief requested in the Counterclaim.

## JURY DEMAND

119.   Counterclaim Defendants admit that HH demands a trial by jury on all issues so triable.  Counterclaim Defendants demand a trial by trial on all of their claims and defenses so triable.

## AFFIRMATIVE DEFENSES

Counterclaim Defendants assert the following affirmative and additional defenses to the Counterclaim, but they do not assume the burden of proof of any such defenses, except as required by law with respect to a particular defense asserted.  Counterclaim Defendants reserve the right to assert additional affirmative defenses in conformity with the facts as shown through discovery.

### First Defense

HH's Counterclaim should be dismissed, in whole or in part, to the extent that it fails to state a claim upon which relief can be granted.

### Second Defense

Counterclaim Defendants plead the general issue and deny all material allegations of HH's Counterclaim unless expressly admitted herein.

### Third Defense

HH's claims for fraudulent inducement, fraudulent suppression, and fraud are barred because they are not properly pled and are not pled with sufficient particularity pursuant to Rule 9(b) of the Federal Rules of Civil Procedure.

### Fourth Defense

HH's claims are barred, in whole or in part, by the doctrines of acquiescence, consent, res judicata, collateral estoppel, judicial estoppel, promissory estoppel, equitable estoppel, unjust enrichment, ratification, release, waiver, laches, payment, accord and satisfaction, undue influence, coercion, duress and/or *in pari delicto*.

## Fifth Defense

HH's claims are barred, in whole or in part, by its own admissions.

## Sixth Defense

HH's claims are barred by the equitable doctrines of estoppel, waiver, unclean hands and/or laches.

## Seventh Defense

HH's claims are barred by the doctrine of mistake.

## Eighth Defense

HH has suffered no legally cognizable loss attributable to the acts or omissions of Counterclaim Defendants.  Even if they existed, any alleged injuries and damages to HH would have been caused in whole or in part by the acts or omissions of HH or of others for whose conduct Counterclaim Defendants are not responsible.

## Ninth Defense

HH has failed to state a claim for damage and estopped from claiming damages.

## Tenth Defense

Counterclaim Defendants did not owe HH any duty that has been breached.

## Eleventh Defense

HH's damages, if any, were due solely to, caused solely by, and were the direct and proximate result of the intervening, superseding and unforeseeable acts and/or omissions of HH or others over whom Counterclaim Defendants had no control.

## Twelfth Defense

To avoid waiving any affirmative defense, Counterclaim Defendants aver that HH's claims may be barred by the affirmative defenses stated in Fed. R. Civ. P. 8(c)(1), Fed. R. Civ. P. 12(b), or any one of them.

## Thirteenth Defense

The damages claimed by HH are speculative and not recoverable under Alabama law or federal law.

### Fourteenth Defense

HH's claims are barred, in whole or in part, by the terms of the contracts it entered, including without limitation, the Transaction Agreement and Loan Agreement.

### Fifteenth Defense

There is no proximate cause between any action on the part of Counterclaim Defendants and HH's alleged damages.

### Sixteenth Defense

HH's claims are barred because it assumed the risk.

### Seventeenth Defense

HH's claims are barred, in whole or in part, by its lack of diligence.

### Eighteenth Defense

HH's claims fail, in whole or in part, because it failed to mitigate damages.

### Nineteenth Defense

Counterclaim Defendants acted in good faith at all times, and did not accidentally, negligently, wantonly, recklessly, knowingly, willfully or

fraudulently commit any act, withhold any information, or directly or indirectly induce any act or inaction that created liability to HH.

### Twentieth Defense

HH's claims are barred, in whole or in part, by the statute of limitations and/or the applicable rules of repose.

### Twenty-First Defense

HH's claims are barred by its own material breach of contract, default, failure to perform, bad faith and/or other wrongful conduct which directly contributed to or caused the damages HH alleges.

### Twenty-Second Defense

HH's claims are barred claims are barred by its own fraud.

### Twenty-Third Defense

HH's claims are barred, in whole or in part, by the doctrines of set-off and/or recoupment.

**Twenty-Fourth Defense**

Counterclaim Defendants are not guilty of any conduct that would entitle HH to punitive damages or that warrants the issue of punitive damages being submitted to a judge or jury.

**Twenty-Fifth Defense**

HH has no basis in contract or at law to recover interest, costs or expenses, including attorneys' fees, as claimed in the Counterclaim.

**Twenty-Sixth Defense**

With respect to HH's demand for punitive damages, Counterclaim Defendants specifically incorporate by reference any and all standards and limitations regarding the determination and/or enforceability of punitive damage awards set forth in the United States Supreme Court decisions of *BMW of North America, Inc. v. Gore*, 517 U.S. 559 (1996), *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424 (2001), *State Farm Mutual Automobile Insurance Co. v. Campbell*, 538 U.S. 408 (2003), *Philip Morris USA v. Williams*, 549 U.S. 346 (2007) and *Exxon Shipping Co. v. Baker*, 128 S. Ct. 2605 (2008).

**Twenty-Seventh Defense**

HH's claims are barred, in whole or in part, by the doctrine of impossibility.

## **Twenty-Eighth Defense**

HH is not entitled to any judgment against defendants, and plaintiff is not entitled to recover any damages, interest, costs, attorney's fees, or any other relief whatsoever from Counterclaim Defendants.

## **Twenty-Ninth Defense**

All of Counterclaim Defendants' actions or omissions with respect to the matters at issue in this case were reasonable, necessary, legally protected, and justified under the circumstances. Therefore, Counterclaim Defendants have no liability t **Twenty-Thirtieth Defense**

HH's suppression claims are barred because Counterclaim Defendants did not owe a duty to disclose to HH.

## **Thirty-First Defense**

HH is not entitled to recover punitive damages under the standards set forth in Ala. Code § 6-11-20.

## Thirty-Second Defense

Counterclaim Defendants assert that an award of punitive damages against them in this case would serve no purpose for which punitive damages are awarded in Alabama.

## Thirty-Third Defense

Counterclaim Defendants, in the event they are found liable to plaintiff, are entitled to a set-off consisting of the amount of damages they have incurred as a result of wrongful action by HH.

## Thirty-Fourth Defense

HH's breach-of-contract claim is barred, in whole or in part, by its failure to satisfy all conditions precedent.

## Thirty-Fifth Defense

Some or all of HH's claims are barred by the Economic Loss Rule.

## Thirty-Sixth Defense

HH lacks standing to assert some or all of the claims against the Counterclaim Defendants.

## **Thirty-Seventh Defense**

At the time of filing this answer, Counterclaim Defendants have not completed discovery in this cause.  If the information obtained during discovery warrants the assertion of any additional defense in this action, Counterclaim Defendants reserve the right to amend this Answer to assert additional affirmative defenses.

Respectfully submitted this 21st day of August, 2020.

/s/  W. Brad English
W. Brad English
Benjamin L. McArthur
***Attorneys for Plaintiff/Counterclaim Defendant John Prince; Third-Party Defendant Brendan Prince; and Third-Party Defendant Steven Johnson***

**OF COUNSEL:**
**MAYNARD, COOPER & GALE, P.C.**
655 Gallatin Street
Huntsville, Alabama 35801
Telephone:  (256) 551-0171
Facsimile:  (256) 512-0119
Email:  benglish@maynardcooper.com
        bmcarthur@maynardcooper.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this 21st day of August, 2020, served a copy of the foregoing upon all parties to the matter as follows through the Court's electronic case management system,

And upon the following via U.S. Mail, postage prepaid:

> 4P Management Company, LLC
> c/o Deryl Wayne Wright, Registered Agent
> 1500 Wandering Oaks Lane
> Norman, Oklahoma 73026

/s/ W. Brad English
Of Counsel