UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| JOHN PRINCE | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No.: 5:20-cv-0208-LCB |
| | ) |
| HUI HULIAU, *et al.*, | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM OPINION & ORDER

Plaintiff John Prince sues Defendants Hui Huliau, Deryl Wright, Howard Russell, and 4P Management Company, LLC for complex corporate tomfoolery. He brings two claims against 4P: unjust enrichment and conspiracy. 4P moves to dismiss the claims against it under Rule 12(b)(6). (Doc. 88). It argues that there is an adequate remedy at law precluding an unjust enrichment claim, and that the intracorporate conspiracy doctrine defeats the conspiracy claim. For the reasons below, the Court **GRANTS** 4P's motion to dismiss.

### BACKGROUND

In 2003, Prince helped form KAYA Associates, Inc., a defense contractor in Huntsville, Alabama.[1] After thirteen years of relative success, in 2016 Breifne

---

[1] (Doc. 70 ¶ 13).

1

Group, LLC acquired an interest in KAYA.[2] Breifne then caused KAYA to redeem Prince's KAYA stock.[3] In return for his stock, Prince received a promissory note for over $6 million.[4] Eventually, Breifne became KAYA's sole owner.[5]

One year later, in 2017, the defendants in this case joined the fray when Hui Huliau acquired the KAYA stock from Breifne.[6] As a part of the transaction, Prince and KAYA entered into an Amended and Restated Loan and Security Agreement.[7] The parties restructured the debt into two tranches: Tranche A, with a face amount over $3 million; and Tranche B, with a face amount over $1 million.[8] Hui Huliau guaranteed KAYA's obligations and pledged the KAYA stock as collateral.[9]

The loan agreement prohibited Hui Huliau from causing or allowing KAYA to engage in certain "prohibited transactions" without Prince's prior written consent.[10] Prohibited transactions included: (1) incurring new indebtedness that would push KAYA's debt service coverage beyond a three-to-one ratio during its first year after incurring the debt; (2) liquidating, discontinuing, or materially reducing KAYA's normal operations; (3) dissolving, merging, liquidating, or selling

---

[2] *Id.* ¶ 16.
[3] *Id.*
[4] *Id.*
[5] *Id.*
[6] *Id.* ¶ 17.
[7] *Id.* ¶ 18.
[8] *Id.*
[9] *Id.*
[10] *Id.* ¶ 22.

2

KAYA; (4) guaranteeing, endorsing, or becoming a surety for obligations of any other person or entity; and (5) making any loans or advancing any monies to any other third person or entity.[11]

Hui Huliau defaulted on the note and, as a result, Prince received certain KAYA financial records.[12] He discovered through the records that Hui Huliau had caused KAYA to engage in prohibited transactions, including a $200,000.00 payment to 4P and $20,000.00 monthly payments to 4P in management fees.[13] In total, Hui Huliau, Wright, Russell, 4P, and their affiliates received approximately $3.2 million from prohibited transactions.[14]

On October 15, 2020, Prince filed his Second Amended Complaint.[15] Two weeks later, Hui Huliau, Russell, and Wright filed a motion to dismiss.[16] The Court granted in part and denied in part their motion.[17] In February 2020, 4P filed its own motion to dismiss, asking the Court to dismiss the claims against it because Prince did not timely serve it process.[18] After an in-person hearing, the Court denied that motion.[19] In turn, 4P filed this substantive motion to dismiss under Rule 12(b)(6).[20]

---

[11] *Id.* ¶ 22.
[12] *Id.* ¶ 26.
[13] *Id.*
[14] *Id.* ¶ 31.
[15] (Doc. 70).
[16] (Doc. 71).
[17] (Doc. 80).
[18] (Doc. 82).
[19] (Doc. 87).
[20] (Doc. 88).

## LEGAL STANDARD

The Federal Rules of Civil Procedure require that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must include enough facts to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Pleadings that contain nothing more than a "formulaic recitation of the elements of a cause of action" do not meet Rule 8's standards, nor do pleadings suffice that are based merely upon "labels and conclusions" or "naked assertion[s]" without supporting factual allegations. *Id.* at 555, 557. In deciding a Rule 12(b)(6) motion to dismiss, courts view the allegations in the complaint in the light most favorable to the non-moving party. *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007).

To survive a motion to dismiss, a complaint must "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although "[t]he plausibility standard is not akin to a 'probability requirement,'" the complaint must demonstrate "more than a sheer possibility that a defendant has acted unlawfully." *Id.* A plausible claim for relief

requires "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence" to support the claim. *Twombly*, 550 U.S. at 556.

When reviewing a Rule 12(b)(6) motion to dismiss, a court must: "1) eliminate any allegations in the complaint that are merely legal conclusions; and 2) where there are well-pleaded factual allegations, 'assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" *Kivisto v. Miller, Canfield, Paddock & Stone, PLC*, 413 F. App'x 136, 138 (11th Cir. 2011) (*per curiam*) (quoting *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2011)). That task is context specific and, to survive the motion, the allegations must permit the court based on its "judicial experience and common sense . . . to infer more than the mere possibility of misconduct." *Iqbal*, 556 U.S. at 679. If the court determines that well-pleaded facts, accepted as true, do not state a plausible claim, the claim must be dismissed. *Twombly*, 550 U.S. at 556, 570.

## DISCUSSION

4P moves to dismiss the claims of unjust enrichment and conspiracy against it. For the unjust enrichment claim, 4P argues that the factual allegations supporting the claim are speculative and conclusory, and that an adequate remedy at law bars the claim. For the conspiracy claim, 4P contends that Prince failed to allege an underlying tort and that the intracorporate conspiracy doctrine applies to Wright, Russell, and 4P. Because the Court finds that Prince has an adequate remedy at law

extinguishing his unjust enrichment claim, and the intracorporate conspiracy doctrine applies to Wright, Russell, and 4P, the motion to dismiss succeeds.

## I. Prince fails to state an unjust enrichment claim against 4P because the express contract provides an adequate remedy at law.

Unjust enrichment is the "retention of a benefit to the loss of another or the retention of money or property of another against the fundamental principles of justice or equity and good conscience." *Tilley's Alabama Equity* § 19:1 (5th ed.). "The essence . . . of unjust enrichment . . . is that a plaintiff can prove facts showing that defendant *holds* money which, in equity and good conscience, belongs to plaintiff or *holds* money which was improperly paid to defendant because of mistake or fraud." *Hancock-Hazlett Gen. Constr. Co. v. Trane Co.*, 499 So. 2d 1385, 1387 (Ala. 1986) (citations omitted).

In Alabama, there is a two-part test for unjust enrichment. First, the plaintiff must show that the defendant was "enriched". *Pentagon Fed. Credit Union v. McMahan*, 2021 WL 2621433, at *2 (Ala. 2021) (citing *Matador Holdings, Inc. v. HoPo Realty Invs., L.L.C.*, 77 So. 3d 139, 145 (Ala. 2011)). The plaintiff establishes enrichment by showing that: "(1) the defendant knowingly accepted and retained a benefit, (2) provided by another, (3) who has a reasonable expectation of compensation." *Matador Holdings*, 77 So. 3d at 145 (quoting *Portofino Seaport Vill., LLC v. Welch*, 4 So. 3d 1095, 1098 (Ala. 2008)). Second, the plaintiff must

show that the retention of the benefit is "unjust". *Pentagon Fed. Credit Union*, 2021 WL 2621433 at *2. The Alabama Supreme Court has clarified that

> [r]etention of a benefit is unjust if (1) the donor of the benefit . . . acted under a mistake of fact or in misreliance on a right or duty, or (2) the recipient of the benefit . . . engaged in some unconscionable conduct, such as fraud, coercion, or abuse of a confidential relationship.

*Matador Holdings*, 77 So. 3d at 146 (quoting *Welch v. Montgomery Eye Physicians, P.C.*, 891 So. 2d 837, 843 (Ala. 2004)).

4P contends that Prince cannot bring an unjust enrichment claim because he has an adequate remedy at law.[21] Specifically, it argues that "Alabama courts have consistently rejected unjust enrichment claims where, as here, an enforceable contract governing the rights and the obligations of the parties exists." (Doc. 89 at 7). That is, because Prince has an adequate remedy through his breach of contract claim, he cannot sustain an unjust enrichment claim. 4P is correct.

In Alabama, an express contract subsumes quasi-contract claims for relief. "[W]hen an express contract exists, an argument based on a quantum meruit recovery in regard to an implied contract fails. The existence of an express contract on a given subject generally excludes an implied agreement on the same subject." *Mantiply v. Mantiply*, 951 So. 2d 638, 656 (Ala. 2006) (cleaned up). Simply, the two

---

[21] 4P first argues that the factual allegations supporting Prince's unjust enrichment claim are speculative and legally conclusory. (Doc. 89 at 6-7). The Court need not address this argument because Prince's claim is substantively insufficient.

cannot co-exist. *Blackmon v. Renasant Bank*, 232 So. 3d 224, 228 n.4 (Ala. 2017) ("[Plaintiff]'s unjust-enrichment claim . . . and its breach-of-contract claim . . . which are based on the same facts and contract are mutually exclusive.").

Federal courts applying Alabama law routinely and consistently find that unjust enrichment is not cognizable when there is an express contract between the parties. *See Branch Banking & Tr. Co. v. Howard*, 2013 WL 951652, at *6 (S.D. Ala. Mar. 08, 2013) ("Alabama law is clear that quasi-contractual equitable remedies such as unjust enrichment are not cognizable in the presence of an express contract between the parties that governs the same subject matter."); *Univalor Tr., SA v. Columbia Petroleum, LLC*, 315 F.R.D. 374, 382 (S.D. Ala. 2016) ("[T]he existence of an express contract extinguishes an unjust enrichment claim altogether because unjust enrichment is an equitable remedy which issues only where there is no adequate remedy at law."). Thus, Alabama law is clear that when there is an express contract, unjust enrichment is unavailable.

Prince does not contest that the loan agreement with KAYA is an express contract governing the rights of the parties here. But he attempts to sidestep the axiom of extinguishment through *American Family Care, Inc. v. Irwin*, 571 So. 2d 1053 (Ala. 1990). In *Irwin*, the Alabama Supreme Court asked "[w]ill equity specifically enforce the duty of the constructive trustee to convey the property held in constructive trust if there is an adequate remedy at law?" *Id.* at 1060. The Court

answered its own question in the affirmative, adopting the rule from *Must the Remedy at Law Be Inadequate Before a Constructive Trust Will Be Impressed?*, an academic publication from the Notes and Comments section of the St. John's Law Review. That publication articulated that

> express trusts are enforceable in equity at the suit of the cestui que without regard to the adequacy of the remedy at law. However, as to constructive trusts, while equity has the power to act, it will not; unless a fiduciary or quasi-fiduciary relation is involved, or unless relief at law would be inadequate because the chattel is unique or the defendant-wrongdoer is insolvent.

25 St. John's L. Rev. 283, 295 (1951). Prince argues that, under the rule adopted in *Irwin*, because he advances a claim for breach of fiduciary duty, the Court may enforce a constructive trust against 4P regardless of the express contract.

Prince's argument fails for two reasons. First, the parties in *Irwin* exclusively brought claims in equity. *Irwin* was "[a] suit in equity among stockholders for control of a small corporation". *Irwin*, 571 So. 2d at 1054. In other words, the action in *Irwin* was purely equitable; there were no alternative claims or remedies at law.

Second, the parties in *Irwin* specifically sought a constructive trust. Crucially, there was a separate *express trust* holding the property at issue that some parties sought to destroy. *Id.* at 1055. The parties brought equitable claims and pursued the equitable remedy of a constructive trust. Put simply, the court did not consider whether an express contract extinguishes a claim for unjust enrichment, because no

9

express contract existed. Rather, the court considered the orthogonal and narrow issue of enforcement of a constructive trust while an express trust held the property.

The limited applicability of *Irwin* is demonstrated by subsequent Alabama Supreme Court decisions where express contracts extinguished unjust enrichment claims. *See, e.g.*, *Blackmon*, 232 So. 3d at 228 n.4; *Lemoine Co. of Ala., L.L.C. v. HLH Constructors, Inc.*, 62 So. 3d 1020, 1028 (Ala. 2010) ("[W]hen an express contract exists, an argument based on a quantum meruit recovery in regard to an implied contract fails".). It is clear that in Alabama, when there is an express contract between the parties, equitable claims like unjust enrichment cannot stand. So, *Irwin* does not apply here. Therefore, the express contract extinguishes Prince's unjust enrichment claim, and the Court must dismiss the claim against 4P.

**II. Prince fails to state a conspiracy claim against 4P because Wright, Russell, and 4P cannot conspire with each other under the intracorporate conspiracy doctrine.**

In Alabama, civil conspiracy is a substantive tort. *Purcell Co. v. Spriggs Enters., Inc.*, 431 So. 2d 515, 522 (Ala. 1983). "In essence, civil conspiracy is a combination of two or more persons to do: (a) something that is unlawful; [or] (b) something that is lawful by unlawful means." *Id.* (citing *Snyder v. Faget*, 326 So. 2d 113 (Ala. 1976)). The intracorporate conspiracy doctrine limits who may constitute a combination of two or more persons. The doctrine "holds that acts of corporate agents are attributed to the corporation itself, thereby negating the multiplicity of

actors necessary for the formation of a conspiracy." *McAndrew v. Lockheed Martin Corp.*, 206 F.3d 1031, 1036 (11th Cir. 2000) (*en banc*). "[U]nder the doctrine, a corporation cannot conspire with its employees, and its employees, when acting in the scope of their employment, cannot conspire among themselves." *Id.*; *see also Denney v. City of Albany*, 247 F.3d 1172, 1190-91 (11th Cir. 2001).

Prince attempts to rebut the intracorporate conspiracy doctrine by relying on previous filings in this case.[22] In particular, he argues that, in past filings, "Hui [Huliau], Wright and Russell have denied knowledge about 4P and denied that they acted as its agents or employees. If any of that is true, then the intra-corporate conspiracy doctrine simply would not apply." (Doc. 92 at 11). His argument fails for two reasons.

First, Prince's argument relies on materials not contained in the pleadings. When reviewing a 12(b)(6) motion to dismiss, "[t]he scope of review must be limited to the four corners of the complaint." *St. George v. Pinellas Cnty.*, 285 F.3d 1334, 1337 (11th Cir. 2002) (citing *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000)); *accord Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007) (emphasizing that review on a 12(b)(6) motion to dismiss is limited to the complaint's allegations and other specific materials). Prince, in essence, asks the

---

[22] 4P also argues that Prince "has not alleged any viable tort claim against [4P] in the complaint." (Doc. 89 at 9). The Court need not address this argument because Prince's conspiracy claim is deficient as a matter of law under the intracorporate conspiracy doctrine.

Court to ignore his factual allegations and instead consider other filings that predate the Second Amended Complaint. The Court cannot, and will not, do so.

Equally important, Prince's argument is entirely inconsistent with the operative complaint's factual allegations. He affirmatively alleges in his Second Amended Complaint that Wright and Russell own and control 4P. (Doc. 70 ¶¶ 5, 6). Further, Prince alleges that "[Hui Huliau], Wright, Russell and 4P acted individually and/or as the agent, servant, employee, partner and/or co-venturer of one another, or were otherwise engaged in a joint enterprise." That is, the factual allegations in the operative complaint affirmatively show that Wright and Russell acted as 4P's agents, so the intracorporate conspiracy doctrine applies. Accordingly, Wright, Russell, and 4P cannot conspire with each other as a matter of law, so Prince's civil conspiracy claim cannot stand. Thus, the Court must dismiss the conspiracy claim against 4P.

## CONCLUSION

For the reasons above, the Court **GRANTS** 4P's motion to dismiss. (Doc. 88). The claims against 4P are **DISMISSED WITH PREJUDICE**.

**DONE** and **ORDERED** July 11, 2022.

_____
**LILES C. BURKE**
UNITED STATES DISTRICT JUDGE